Lill et al. *v.* Neafie.

---

WILLIAM LILL *et al.*

*v.*

JOHN A. J. NEAFIE.

1. TRUSTEES—*their removal.* Where real estate is conveyed to a trustee, for the purpose of securing a debt, with power in the trustee to sell the land in the event of non-payment, the mere absence of the trustee from the State, will not, of itself, constitute sufficient ground for his removal; but when, in addition to his absence from the State, he neglects to give attention to his duties as trustee, a court is fully warranted in removing him, and appointing a suitable person to carry the trust into effect.

2. ABSENCE OF TRUSTEE—*foreclosure.* But in such case, where the trustee is absent and neglects his duty, the better practice is, to file a bill for a foreclosure, and in the decree require the master, or a special commissioner, to make the sale and execute the trust.

APPEAL from the Superior Court of Chicago.

This was a suit in chancery, instituted in the court below, on the 30th of April, 1862, by John A. J. Neafie against William Lill, Orrin J. Rose and Otho Klemm. It is alleged in the bill that Rose, to secure the payment of a promissory note which he had given the complainant, for the sum of five thousand dollars, conveyed by deed of trust to Otho Klemm, on the 17th day of July, 1857, certain lots of land lying in Cook county. That power was given by the deed, to the trustee, in case of default in payment of the note, and upon application of the holder, to proceed to sell the premises, upon giving such notice as was required in the deed; execute deeds to the purchaser, apply the proceeds, etc.; provided, that when said note and all expenses should be paid, the trustee, or his legal representatives, should re-convey all the estate acquired by the deed, in the premises remaining unsold.

That, on the 24th day of November, 1857, Rose conveyed the premises, with other property, to Michael Diversy, for the benefit of his creditors; that Diversy, pursuant to said assignment, sold the premises to William Lill, one of the defendants. That the assignment did not affect the complainant's lien, and was not recognized by him.

That the premises were, at the time of filing the bill, of less value than the amount of said note and interest, which remained entirely unpaid.

The bill then stated sundry unsuccessful efforts of complainant to find Mr. Klemm, in order to get him to perform his trust by selling the premises, etc., and charged that Klemm had left the city of Chicago and State of Illinois, and thereby abandoned his trust, and become unable and disqualified, by his non-residence, to execute the same, and that the complainant had been unable to make personal application to Klemm to execute the trust, or in any manner to find him, or to procure him to execute the same. The prayer of the bill was, that Klemm be removed from his office of trustee, and a substitute appointed, who would proceed to execute the trust.

The joint and several answers of all the defendants, Rose,

Klemm and Lill, filed 7th of July, 1862, admitted the note and trust deed; admitted the assignment from Rose to Diversy, and the sale by Diversy to Lill.

The answers denied that Klemm had left the city of Chicago and State of Illinois, and thereby abandoned the trust, and become unable and disqualified, by his non-residence, to execute the same; and averred that he had never refused, and was in no manner disqualified, to execute the trust aforesaid.

Replication, and reference to master to take proofs on part of complainant.

Master's report, filed September 16, 1862, contained the deposition of Mr. Perry, the sole witness in the case, who testified substantially as follows: The note (to secure which the trust deed had been given,) belonged to the complainant, and no part of it had been paid; the land was not of sufficient value to pay it; the complainant had a conversation in April previous, in my office, with defendants, Rose and Lill; they both declined to pay, and advised complainant to have the land advertised and sold. The complainant made efforts to have Mr. Klemm, the trustee, sell the premises. By his direction I prepared a notice of sale, went to the city of New York to see Klemm, and get him to sign the notice, and do whatever was necessary to make the sale. I could not find him in New York; I went to the office where he had formerly been; was told there, by Adolph Klemm, his brother, that Otho Klemm, some time previous, went to Washington, where he supposed he then was, and he then gave me his address. I then sent the notice to Washington, to Otho Klemm's address, with a request that he sign it and return it to me, that the property might be advertised and sold. I waited about a month and did not hear from him, and then filed the bill in this cause. Some two months after the bill was filed, I received a letter from Mr. Klemm, saying that he sent the notice to a friend, or his attorney in Chicago, to be delivered to me, if the person to whom it was sent thought proper. It never has been delivered. Mr. Klemm has not been here, except temporarily, for nearly three years. I have understood, from his friends, that he has resided in New York

City prior to last spring, for more than a year, and that since last spring he has been employed in the United States Treasury Department, at Washington. The letter I received from him was dated at Washington.

The cause was heard upon the pleadings and above proofs, and decree was entered by the court below: That the said Klemm, by his non-residence, and by his failure and neglect to comply with the request of the complainant to execute the trusts in the trust deed specified, was an unsuitable person longer to hold said trusts, or to execute the same, and had abandoned the same; and said court did order, adjudge and decree, that said Otho Klemm be and thereby was removed and divested from and of the trusts created, and in him vested, in and by said trust deed, and from and of all the rights, titles and interests conveyed to, or vested in him by virtue of said deed of trust, and appointed a new trustee in his place and stead.

From that decree the defendants below took this appeal, and by their assignment of errors, question the propriety of removing Klemm from his trusteeship.

Messrs. BURNHAM & MARTIN, for the appellants, sought to reverse the decree, because of the insufficiency of the complainant's case, upon the pleadings and proofs.

The trustee is not a mere agent, but *an officer*, constituted by the parties, and vested with the duties and responsibilities of the trust. And in the absence of any *mala fides*, will be favorably regarded and treated by the court. Law of Trusts and Trustees, by Tiffany & Bullard, 387, *citing Lord Hardwick.*

There was no incapacity or unfitness shown to have existed at the time of filing the bill.

The simple fact of non-residence does not render the trustee an unsuitable or unfit person to execute the duties of the trust. Although trustees may not, in general, delegate their powers, yet they may employ solicitors and agents, and govern themselves by their advice, and employ agents to do ministerial acts — such as the sale of property, and purposes

of that nature, and it will be sufficient that the trustee retains the supervision over the person so employed. Law of Trusts and Trustees, (before cited,) p. 860; Hill on Trustees, 540, 541. *Ex parte Belchier*, Amb. 219; *Sinclair* v. *Jackson*, 8 Cow. 582. In *Hawley* v. *James*, 5 Paige, 487, the Chancellor says, "They (trustees) may entrust an agent with an authority to make conditional sales of land, lying at a distance from the place of residence of the trustees," subject to their ratification, etc., and may empower him to make conveyances, after they have ratified the sale. See Hill on Trustees, p. 474. We have no statutory regulations upon the subject of removing trustees in this State. The power is inherent in the court, to be exercised and regulated according to the general usages and practice in equity. This court, in *Sargeant* v. *Howe et al.*, 21 Ill. 148, says: "If it be not shown that the trustee is an improper person, he ought not to be removed."

This is not a case of permanent residence abroad — out of the realm. These States are one nation. The trustee is still a citizen, and resident of the country — not a foreigner — but, alike with complainant, within the jurisdiction of the courts of our country.

Mr. SANFORD B. PERRY, for the appellee, cited 1 McLean R. 199, 4 Johns. Ch. R. 368, and 3 Kernan R. 503, as sustaining the doctrine that the trustee must attend personally to the execution of the trust; and contended that it must follow, that when a trustee has removed permanently from the State, after the creation of the trust, he has thereby abandoned the trust, if the *cestui que trust* elect so to treat it, and becomes an unsuitable person longer to hold the position of trustee.

In this case, the trustee not only removed from the State, but declined to execute the trust, and therefore should have been removed.

Mr. Perry also relied upon the authorities cited by the appellant's counsel.

7

Mr. Justice Walker delivered the opinion of the Court.

It appears from the evidence in this case, that the trustee left the State, and gave this trust no attention after 1859. The money had been due almost a year before he left. When his residence was ascertained, and he was requested, by letter, to proceed and sell the property, he failed to take any steps, or even to reply to the letter, for months, and then only says that he had sent the notice of sale to a friend, or to his attorney, to be delivered to the attorney of complainant. If this notice was ever sent, it was not delivered. This would seem to be gross neglect of duty on the part of a trustee; it almost amounts to a denial of justice. And when it is remembered, that both Rose and Lill had advised complainant to have the property sold, we are at a loss to account for such action, unless it is mere inattention, almost amounting to a disqualification.

If we were to judge how he would act in the future, by his past conduct, we may conclude that a sale would not be had in a reasonable time. The mere absence of a trustee from the State might be attended with inconvenience, but would not, of itself, constitute sufficient grounds for his removal. He might still devote proper time and attention to the trust fund, to carry it out in good faith. But when, in addition to his absence from the State, he gives no attention to his duties as trustee, a court is fully warranted in removing him, and appointing a suitable person to carry the trust into effect. The better practice, however, would be, to file a bill for a foreclosure, and on a decree require the master, or a special commissioner, to make the sale and execute the trust. The evidence of neglect in this case fully warranted the court below in decreeing his removal. The decree must therefore be affirmed.

*Decree affirmed.*