## David H. LaForge and Harry C. Thompson, Trustees, et al., v. Hugh A. Binns, et al.

1. SERVICE OF PROCESS—*when party entitled to notice by.* Where a petition is filed in a pending proceeding which is wholly unrelated to the subject-matter of such pending proceeding, parties joined in such petition should be notified by summons.

2. LAST WILL AND TESTAMENT—*what does not disqualify trustees from acting under.* Mere absence from the state does not disqualify a trustee from acting pursuant to the appointment contained in a last will and testament. In order that such a trustee may be removed by a court of chancery it must appear that he has been unfaithful, negligent, or in some wise has broken his trust.

3. JOINT TENANCY—*title of trustees appointed by will is.* Trustees holding an estate by virtue of an appointment by will are joint tenants and the estate which they hold is one of joint tenancy and, in the absence of a provision in the instrument creating the trust for the appointment of a successor in case of the death, resignation or removal of one of the original trustees, the entire trust vests in the remaining or surviving trustee or trustees.

Petition for removal of trustee, etc. Appeal from the Circuit Court of Logan County; the Hon. GEORGE W. PATTON, Judge, presiding. Heard in this court at the May term, 1905. Reversed. Opinion filed March 20, 1906.

ROBERT HUMPHREY, Guardian *ad litem,* and BEACH, HODNETT & TRAPP, for appellants.

BLINN & COVEY, for appellees.

MR. JUSTICE BAUME delivered the opinion of the court.

The facts in this case, preliminary to the filing of the petition and the decree of the court thereon, here involved, are fully stated in the opinion of the Supreme Court in Binns v. LaForge, 191 Ill., 598, and we deem it unnecessary to restate the same.

February 22, 1902, appellees, Hugh A. Binns and Edwin B. Maltby, co-executors of the last will and testament of R. A. Talbott, deceased, filed their petitions in the Circuit Court of Logan county representing that they were creditors of Benjamin S. Talbott and Gertrude Talbott; that their claims amounted in the aggregate to $4,300; that by a decree of the court they had been found to be such creditors and entitled to their proportionable share of the income of certain lands held in trust by appellants as trustees, less the amount decreed by the court to be paid to said Gertrude M. Talbott; that by the last will and testament of Garrett M. LaForge, deceased, appellants, David H. LaForge and Harry C. Thompson, were appointed trustees of said lands, and that said Harry C. Thompson over one year ago removed from his home in Mason county, Illinois, to the city and State of New York, and was then doing business in said city of New York.

The petition further represents, on information and belief, that said Thompson does not attempt to discharge his duties as such trustee and is so situated that he cannot properly discharge his said duties, which consist, among other things, in renting lands in Logan county, collecting rents therefor and making annual reports to the court.

The petition prays that said Thompson may be removed as such trustee, and that some suitable and responsible person be appointed his successor in trust.

March 6, 1902, appellants filed their answer to said petition, wherein they allege their appointment as executors and trustees in and by the last will and testament of Garrett M. LaForge and their qualification as such; that they were so nominated and appointed to their office because of the personal confidence which the testator had in them, and because they were his grandsons and the brother and cousin respectively of Gertrude M. Talbott, the *cestui que* trust; that said trust was a personal trust and executorship and was a surviving office which could be filled only by them or the survivors of them, unless guilty of malfeasance; that they have hitherto faithfully performed the duties of their

office and trust and they are ready and willing to continue so to do. The answer further alleges that while the appellant Thompson is presently residing in the city of New York, yet the relations between the appellants are very close and that they are constantly in communication with each other, as to the best manner in which to carry out their duties and trust; that the said Thompson expects to return to Logan county and make his home there, and that he has not permanently removed from this State.

The cause came on for hearing February 14, 1905, and evidence was then heard by the chancellor in open court. On February 24, 1905, the court appointed Robert Humphrey, guardian *ad litem* for Raynor M., Imogene and Gertrude Talbott, minors, and residuary legatees and devisees under the will of Garrett M. LaForge, and on March 17, 1905, said guardian *ad litem* filed his answer to said petition. No service of process was had on Gertrude M. Talbott, the *cestui que* trust, or her adult daughter, Alma Talbott, or the minors above named.

Thereafter the court entered a decree, finding that by a former decree in said cause it was ordered that said trustees should rent the lands belonging to Gertrude M. Talbott, and pay over to her annually $720, and after paying the taxes and repairs, should pay the balance of funds in their hands to her creditors. The decree further finds that said trustees had not undertaken to pay the balance of the funds in their hands, after the payment to Gertrude M. Talbott of the amount coming to her and expenses and repairs, to the creditors, and that it was not the intention of said trustees to pay any money to said creditors out of the proceeds of said land; that Harry C. Thompson had removed from the State of Illinois with his family and became a resident of the State of New York and had gone into business there and was not devoting any time or attention to the interests of the estate; that it is for the best interests of the estate of Gertrude M. Talbott and of the creditors under said original decree that a new trustee should be appointed in place of said Thompson. It was, therefore, ordered by the court

that said Thompson be removed as trustee of the lands and
property of Gertrude M. Talbott and that Ryan Ginther
be and is appointed trustee in place of said Thompson as
far as relates to the lands and property of Gertrude M.
Talbott, upon his giving bond as such trustee in the sum of
$2,000; that the question of the objections to the reports
of said trustees is not passed upon, but is reserved for
further hearing; and that said trustees make report of their
acts and doings within 30 days. From this decree this ap-
peal is prosecuted.

The petition in this case has no relation whatever to the
original proceeding, which was a bill filed by appellants as
executors and trustees, to determine the rights of Gertrude
M. Talbott under the will of Garrett M. LaForge, deceased,
and in certain conveyances therein involved, and to remove
the lien of certain judgments as clouds upon the title of
the lands held in trust by them, and the cross-bills, in the
nature of creditors' bills, of certain judgment creditors of
Gertrude M. Talbott. Neither the conduct of appellants as
trustees, nor their removal, was there involved.

This petition must, therefore, be held to be an original
proceeding, of the pendency of which all parties in interest
were entitled to notice by service of process. Gertrude M.
Talbott has a life interest in the trust estate, and her chil-
dren are reversionary legatees and devisees, and, therefore,
directly interested in maintaining the integrity of the estate.
Whether the present trustees, or either of them, shall be
removed, and if so, who shall be appointed to succeed to
their duties, are questions of vital interest and importance
to the *cestui que* trust and in a proceeding involving their
determination the *cestui que* trust is a necessary party.
Butler v. Butler, 164 Ill., 171.

Absence from the State does not of itself disqualify
Harry C. Thompson from acting as trustee under the will of
Garrett M. LaForge. Lill v. Neafie, 31 Ill., 101. To jus-
tify the court in removing Thompson as trustee it is in-
cumbent upon appellees to aver and show that he had been
faithless to his trust in the management of the estate; that

by his negligence, or wilful act, or failure to act, there has been a positive breach of such trust by him.

The averments of the petition in this regard, upon information and belief, that Thompson does not attempt to discharge his duties as trustee and is so situated that he cannot properly discharge such duties, are wholly insufficient. They lack positiveness and are merely the conclusion of the pleader. But admitting the sufficiency of the averments, they are not sustained by the evidence in the record. Appellants' duties, as trustees, are to rent the lands constituting the trust estate, collect the rents, apply the same to the purpose of the trust, and make true reports to the court of the manner in which they have performed such duties. It does not appear that the lands have not been rented; that the rents realized are less than the rental value of such lands; that any of the rents are past due or uncollected; that appellants have failed to make report of their acts in the premises; or that any of the funds coming into their hands have been misappropriated, or disbursed otherwise than is required by the provisions of the will creating the trust.

Appellant, David H. LaForge, testifies that his co-trustee, Thompson, comes to Mason county every year and there remains from four to six weeks; that at such times appellants together discuss and mature plans pertaining to the business of their trust for the year; that when Thompson is absent in New York the trustees are in constant communication with each other with reference to the business of the trust; and that in the conduct of that business the trustees have in fact acted jointly.

A disposition on the part of appellants to so manage the trust estate that there shall be no residue, after the payment of fixed charges, necessary repairs and expenses, to apply upon the judgments of appellees against Gertrude M. Talbott, is not sufficient to justify the court in removing both or either of the trustees. It must appear either that there is a residue in their hands subject to be so applied, or that it is within their power by proper management of the trust estate to realize such residue for that purpose.

The proof shows neither. Appellants filed a report of their acts and doings as such trustees up to March 1, 1902, and the same was approved by the court. They have also filed other reports for the periods ending January 1, 1904, and January 1, 1905, to which objections have been filed, but no hearing had been had thereon prior to the rendition of the decree here involved. *Prima facie* these reports must be taken as presenting a true and correct statement of the receipts and disbursements by the trustees of the trust funds. If, upon a hearing, the court shall find and determine that appellants have not properly executed their trust, and that they have, in their hands, funds subject to be applied upon appellees' judgment, it may make and enforce an order requiring them to make such application.

It is conceded that appellants are financially responsible.

The decree is erroneous for another reason. If it be conceded that Thompson was properly removed, no vacancy was created in the trusteeship. Appellants were appointed trustees jointly. By the common law and by an express provision of the statute, the estate of trustee is held in joint tenancy, and in the absence of a provision in the instrument creating the trust, for the appointment of a successor in case of the death, resignation, or removal of either, the entire trust rests in the survivor. Golder v. Bressler, 105 Ill., 419; Mullanny v. Nangle, 212 Ill., 247. The appointment of Ryan Ginther was, therefore, unauthorized and void.

The decree of the Circuit Court is reversed.

*Reversed.*