**Ex parte Sarah Gertrude Moots. C. E. Moots et al., Petitioners, Appellants. Bunnie C. Moots, Respondent, Appellee.**

1. TRUSTS, § 211*—*when compensation of trustee is under control of court.* The amount of the commissions to be allowed the trustee of a trust created by a will is under the control of the court to which he makes his report.

2. TRUSTS, § 125*—*what is not ground for removal of nonresident trustee.* The mere fact that the trustee appointed to execute a trust created by a will moves out of the State and becomes a nonresident after his appointment is not sufficient ground for removing him.

3. TRUSTS, § 125*—*what are grounds for removal of nonresident trustee.* The same grounds which may cause the removal of a resident trustee apply to the removal of a nonresident trustee.

4. TRUSTS, § 125*—*when costs will not be taxed against cestui que trust petitioning for removal of trustee.* Where the *cestui que trust* of a trust created by a will is a person of weak mind and, though one of the petitioners in a proceeding to remove the trustee, it is questionable whether she had anything to do with the instigation of the proceeding, a provision of the decree dismissing the petition which taxes the costs of the proceeding against the trust estate will be reversed and the decree amended by directing that the costs be paid by the other petitioners.

Appeal from the Circuit Court of McLean county; the Hon. SAIN WELTY, Judge, presiding. Heard in this court at the October term, 1919. Affirmed in part, reversed in part and remanded with directions. Opinion filed April 27, 1920.

LIVINGSTON & WHITMORE, for appellants.

STONE & DICK, for appellee.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

It is averred in the petition filed in this case that Charles M. Moots, father of the petitioners and of the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

defendant, Bunnie C. Moots, died testate and that the seventh paragraph of his will is as follows: "SEV-ENTH: Having heretofore deeded to my daughter, Gertrude Moots, Lot 1 in N. W. ¼ of Sec. 30, T. 25, N. R. 3 E. of 3rd P. M., McLean Co., Ill., and having presented her with a paid up life insurance policy for $1,000 it is my desire that she shall not receive anything further from me out of my said estate except any interest she might have in the devise to my son, T. B. Moots, and I direct that my executor, Bunnie C. Moots, hereinafter named to act as guardian for my said daughter, Gertrude Moots, and to look after her interests, and to attend to her business for her, and, if necessary, I desire an order of court to that effect." That pursuant to said will, Bunnie C. Moots was appointed trustee for the said Sarah Gertrude Moots and that he qualified as such by filing a bond in the sum of $2,000; that he had full power to take charge of all the property of Sarah Gertrude Moots and to rent and lease the land, to loan any money that may be on hand, and in all matters to exercise sound discretion and good judgment and to act for the best interests of said Sarah Gertrude Moots; that about 7 years ago he removed from Illinois to the State of New Mexico where he now resides and since his removal from the State he has not given the business any attention personally, acting only through his attorney; that it is unsatisfactory and undesirable for him to pretend to act as trustee while he is a resident of New Mexico; that he has failed and neglected to perform his duties and has usurped certain powers not accorded to him by his appointment, to-wit, to act as guardian of the person of the said Sarah Gertrude Moots, attempts to dictate where she shall live and is threatening to cause her to leave the home of her sister, Ida Rogers, and take up her residence with him in New Mexico, which said Sarah Gertrude Moots does not desire to do; that on account

of the mental condition of said Sarah Gertrude Moots, being nervous and excitable, she is kept in a constant condition of turmoil and uncertainty, rendering her life unbearable; that by reason of removal from the State and his failure to give his personal attention and judgment to the property under his care as trustee, the petitioners desire his removal and the appointment of a new trustee. Bunnie C. Moots filed his answer to the petition and the cause was referred to the master in chancery, who found that the trustee had not given his trust his personal attention and had to some extent abandoned his trust and had to some extent attempted to delegate his powers to his attorney and recommended that he be removed as trustee and a new trustee appointed. Bunnie C. Moots filed exceptions to the master's report which were sustained by the court and a decree was entered dismissing the petition for want of equity, but providing that the costs of the proceedings should be paid out of the trust estate. The petitioners have prosecuted this appeal from that part of the decree dismissing the petition for want of equity, and Bunnie C. Moots has assigned a cross-error to that part of the decree taxing the cost of the proceedings against the trust estate. The only evidence introduced before the master in chancery bearing upon the matters in controversy was the testimony of Bunnie C. Moots and his attorney. This testimony shows that Bunnie C. Moots was born and raised upon the property in question and was thoroughly familiar with it; that during the 7 years of his residence in New Mexico, he had visited the farm three times; that he had made a report every year to the circuit court of his accounts as trustee; that the premises had always been rented to good tenants at a reasonable rental; that on several occasions when minor repairs were necessary, he had requested his attorney to see that they were made; that his attorney had prepared his reports for him and,

on one occasion, the circumstances of which he could not then recollect, he authorized his attorney to sign his name to the report and verify it for him; that the *cestui que trust* had received all the income derived from the premises regularly above the legitimate expenses of the trust; that he had retained each year as his commissions 6 per cent of the income, amounting to about $80, out of which he paid $15 a year to his attorney for collecting the rent, making out the reports and other services.

There was not one scintilla of proof that the trustee had been negligent in the execution of his trust or that he pretended to assume a guardianship over the person of the *cestui que trust* or that he threatened or harassed her in any way. The evidence shows that the trust estate has been well managed, well rented and is in good condition; that there has been no misappropriation of funds nor unnecessary expenditures. Some complaint is made that the trustee should not be allowed to retain 6 per cent of the income for his commission. The amount of his commissions is under the control of the court to whom he makes his report. There is nothing in this record to show that his charges in this regard are exorbitant. If the petitioners are of that opinion, they should file their objections to the reports made by the trustee and have a hearing thereon before the court, who has ample power to adjust them.

The petition was evidently drawn upon the theory that the mere fact that the trustee had become a nonresident after his appointment was a sufficient cause for his removal. Mere nonresidence is not a ground for removing a trustee. The same reasons which may cause the removal of a resident trustee apply to the removal of a nonresident trustee. *Lill v. Neafie,* 31 Ill. 101; *La Forge v. Binns,* 125 Ill. App. 527.

The court taxed all the costs against the trust estate of Sarah Gertrude Moots. She was only one of

the four petitioners and no equitable reason suggests itself why her estate should bear the burden of the litigation. It is conceded that she is of weak mentality and needs a trustee to take care of her affairs. From the evidence it is questionable whether she had anything to do with the instigation of this litigation and, under the circumstances shown, she should receive the protection of the court. We think the cross-error is well assigned and that the court erred in taxing the costs against the trust estate. That part of the decree which dismisses the petition for want of equity is affirmed and that part which taxes the costs against the trust estate of Sarah Gertrude Moots is reversed and the cause is remanded to the circuit court with directions to amend the decree by directing that the petitioners, C. E. Moots, Frank Moots and Ida Rogers, pay the costs of this proceeding in the trial court. Judgment for the costs of this appeal in this court is entered against the appellants, C. E. Moots, Frank Moots and Ida Rogers.

*Affirmed in part, reversed in part and remanded with directions.*