THE SCARRITT ESTATE COMPANY v. NELSON E. JOHNSON, Judge of Circuit Court of Jackson County.

In Banc, May 13; 1924.

1. **PROHIBITION: Commissioner to Take Evidence.** Where respondent's answer in prohibition denies no fact stated in the petition for the writ or contained in the appendix thereto, and states no new facts except such as are admitted by the reply, which, though not so denominated, is in effect a demurrer, there is no occasion to appoint a commissioner to take evidence.

2. **JURISDICTION: Lease: Receiver: Discharge: Subsequent Lease: Forfeiture: Restoration: Judgment in Excess of Pleadings: Prohibition.** A judgment unauthorized by any pleading in the case is *coram non judice* and void, and prohibition is available to prevent its enforcement. The owner of a building had made a fifteen-year lease to an amusement company, whose creditors brought suit for the appointment of a receiver, who administered its estate and was discharged, and all the remaining assets, including the lease, were ordered to be turned back to the company. Before this final order was made, the lease was cancelled by mutual consent of the lessor and lessee, and the lessor had entered into a ninety-nine-year lease with a theatre company. Six months later, and after said receiver had been finally discharged, but at the same term, stockholders of the theatre company applied for a receiver for it and one was appointed, and seven months thereafter the lessor forfeited the ninety-nine-year lease, and filed an intervening petition in the receivership case, setting forth the terms of the lease and the defaults of the lessee and the fact that forfeiture had been declared, and asking for an order directing the receiver to deliver to the lessor possession of the property or authorizing the lessor

Scarritt Estate Company v. Johnson.

to bring unlawful detainer or other proper action for possession. No answer was filed to this intervening petition, but at the trial, all parties appearing, the court found that the stockholders of the two companies were the same and that there were still unsatisfied creditors of the amusement company, and adjudged that the cancellation of the fifteen-year lease was fraudulent, re-instated that lease and re-appointed a receiver for that company, although the former receiver had been discharged and the case closed at a preceding term and there was no pleading authorizing or asking for such adjudications, and dismissed the intervening petition, placed the re-appointed receiver in possession, and continued the case for a further consideration of the claims of creditors of the amusement company. *Held*, that the court had no jurisdiction of the affairs of the amusement company or the claims of its creditors, since the receivership in that case had been entirely closed before the intervening petition was filed, and the order re-appointing the receiver, re-instating the fifteen-year lease and placing said receiver in possession was not justified by any pleading in the case, but was an order *coram non judice* and void, and the lessor is entitled to a writ of prohibition restraining the court from enforcing or continuing so much of said order; but the court did have jurisdiction to deny the lessor's intervening petition, and any error arising from such denial can be corrected only by appeal or writ of error.

*Held*, by GRAVES, C. J., that the failure to file an answer to the intervening petition was an admission of all facts well pleaded therein, among others that the ninety-nine-year lease had been forfeited, and the court's jurisdiction to hold the property ceased with such forfeiture, and prohibition is available to prohibit the court's attempt to hold possession through the receiver.

3. **JURISDICTION: Equity: Relaxation of the Res: Pleading.** A court of equity must not only have the *res* before it, but the pleadings must authorize the court to act in respect thereto, and an order outside of and beyond the issues as made by the pleadings is *coram non judice* and in excess of jurisdiction.

4. **PROHIBITION: Void Order: Appointment of Receiver for Lessee: Appeal: Inadequate Remedy.** Prohibition cannot be denied solely on the ground that relator has a remedy by appeal to nullify a void order made by the trial court. Such remedy is inadequate where a lessor is wrongfully kept out of possession of property to which he is entitled by an unauthorized order appointing a receiver to take charge of the property, in view of the long delay usually incident to an appeal and the fact that a further loss of rentals is likely to follow the continued enforcement of the void order.

5. ———: **Lease: Forfeiture: Possession.** Where a receiver had been appointed for a corporation which held a ninety-nine-year lease and thereafter the lessor declared the lease forfeited and filed his intervening petition in said receivership proceeding, alleging default in performance of the terms of the lease, and asking for an order directing the receiver to deliver possession to him or authorizing unlawful detainer or other proper action to obtain possession, the circuit court had jurisdiction to decide the questions raised by such petition and to deny a restoration of the premises to the lessor, and whether the court correctly or erroneously decided those questions, prohibition is not available to correct a wrongful ruling of those questions, but they can be corrected only by appellate process.

*Held,* by GRAVES, C. J., dissenting, that the jurisdiction of the court to hold the property, through its receiver, depended wholly upon the lease, and if the lease fails its jurisdiction likewise fails; and the intervening petition having set forth the terms upon which the lease was to be forfeited, the failure to perform and the fact that forfeiture had been declared, and no answer having been filed, the facts alleged in the petition stood admitted, and deprived the court of any further jurisdiction to consider the validity of the lease, and in such case prohibition is available; that where jurisdiction is dependent upon facts and the facts stand admitted, the question of jurisdiction then becomes one of law, and prohibition will lie; and since neither the receiver nor the lessee has paid rents, taxes or insurance, appeal is not an adequate remedy, and prohibition should go to oust the circuit court of jurisdiction over the property, in order that possession may be restored to the rightful owner.

Headnotes 1, 4 and 5: Prohibition: 1, 32 Cyc. 630 (1926 Anno); 4, 32 Cyc. 617; 5, 32 Cyc. 614. Headnote 2: Prohibition, 32 Cyc. 610 (1926 Anno); Judgments, 33 C. J. sec. 87. Headnote 3: Receivers, 34 Cyc. 111.

## Prohibition.

PRELIMINARY RULE MADE ABSOLUTE IN PART AND DISCHARGED IN PART.

*W. W. Graves, Jr.,* and *Scarritt, Jones, Seddon & North* for plaintiff.

(1)   Petitioner was entitled to forfeit the lease in question and retake possession of the leased property. No pleading was filed in answer to the intervening, petition, the court gave no reasons therefor in his order denying said intervening petition, and the answer and return of the trial judge to the preliminary writ of prohibition in this court sets out no specific facts or reasons for denying the prayer of the intervening petition.   (2)   The provisions for forfeiture and termination of the lease are valid and enforceable.   24 Cyc. 1348; Denecke v. Miller, 142 Iowa, 486.   (3)   The fact that a receiver had been appointed for the lessee and was in possession of the demised premises does not affect the right to forfeit. O'Dell v. Batterman, 223 Fed. (C. C. A.) 292; Lindeke v. Assn. Realty Co., 146 Fed. (C. C. A. 8th Cir.) 630; Eyton v. Railroad Co., L. R. 6 Eq. 14, 16; Park v. Railroad Co., 57 Fed. 799, 802.   (4)   The trial court was not justified in detaining this property from the owner by virtue of a fifteen-year lease preceding the ninety-nine year lease in question.   (a)   There was no person or corporation in court claiming any right, title, interest or possession under and by virtue of said fifteen-year lease.   The action of the trial court in voluntarily undertaking to appoint Zumbrunn receiver of the Kansas City Amusement Company or as receiver of A. E. Elliott as trustee for the Amusement Company was wholly unwarranted and the trial court, in so doing acted without any jurisdiction, and wholly beyond its lawful power.   There was no petition or other pleading filed by any party setting out any ground for the appointment of a receiver of the Kansas City Amusement Company or praying for the appointment of any such receiver.   A judgment or order entered by an equity court not based upon or within the issues made by the pleadings is *coram non judice,* and void, State ex rel. v. Muench, 217 Mo. 124; White v. Britton, 51 S. E. (S. C.) 547.   (b)   It cannot be successfully urged that The Scarritt Estate Company did not have full title to the demised premises so as to make the ninety-nine-year lease, at the time it was made.   Neither the Elliott

Theatre Enterprises Corporation, defendant in this receivership case, nor the receiver thereof, nor the plaintiffs in the receivership case, who appear as such solely by reason of being stockholders in the Elliott Theatre Enterprises Corporation, can be heard to deny the title of The Scarritt Estate Company. It is elementary law that a lessee cannot deny his landlord's title. Higgins v. Turner, 61 Mo. 249; Iowa Savings Bank v. Frink, 92 N. W. (Neb.) 916; 24 Cyc. 911; Kinsman v. Greene, 16 Me. 60. (5) Prohibition is a proper available remedy. State ex rel. v. Muench, 217 Mo. 124; State ex rel. v. Scarritt, 128 Mo. 331; State ex rel. v. Riley, 203 Mo. 175; State ex rel. v. Rombauer, 105 Mo. 103.

*Thomas H. Reynolds* for defendant; *Lathrop, Morrow, Fox & Moore,* of counsel.

(1) When a court of equity acquires jurisdiction of a cause and of the parties, it is its duty to do full, adequate and complete justice between the parties. Real Estate Saving Inst. v. Collonious, 63 Mo. 290; Hurst Automatic Switch & Signal Co. v. Trust Co., 291 Mo. 54; Gloyd v. Gloyd, 293 Mo. 163. (2) It is not the purpose of the writ of prohibition to correct errors of a trial court where the acts complained of are within its jurisdiction. St. Louis, Kennett & Southern Railroad Co. v. Wear, 135 Mo. 230; State ex rel. Connors v. Shelton, 238 Mo. 281; State ex rel. v. Riley, 203 Mo. 175; State ex rel. v. Muench, 217 Mo. 124; State ex rel. Mills v. Calhoun, 234 S. W. 855; State ex rel. Hoffman v. Scarritt, 128 Mo. 331; State ex rel. Wilson v. Burney, 193 Mo. App. 326; Havemeyer v. Superior Court, 24 Pac. 121; State ex rel. v. Moehlenkamp, 133 Mo. 134; State ex rel. Warde v. McQuillin, 262 Mo. 256. (3) Where a party, even a stranger to a receivership proceeding, submits his right to the court for adjudication, he is not entitled to writ of prohibition to restrain the court from determining those rights. State ex rel. v. McClure, 133 Pac. 1063.

DAVID E. BLAIR, J.—This is an original proceeding in prohibition against defendant as Judge of the Circuit Court of Jackson County to prohibit him from enforcing certain orders in a case pending before him.

The plaintiff is a Missouri corporation and owns the fee to Lots, 76, 77, 78 and 79, Ross & Scarritt's Addition, to Kansas City, Missouri. A brick building, adapted to theater and business purposes and known as Grand Theater, occupies said lots. On July 25, 1922, plaintiff, as lessor, and Elliott Theatre Enterprises Corporation, as lessee, entered into a lease for ninety-nine years from July 1, 1922, whereby the lessee agreed to pay certain rentals, taxes and insurance premiums and to make certain alterations and improvements upon the leased premises, with provision for forfeiture of the lease for failure of lessee to perform the terms and conditions thereof.

On December 24, 1922, there was filed in the Circuit Court of Jackson County a suit wherein J. C. Hartman and F. P. McClure were plaintiffs and Elliott Theatre Enterprises Corporation was defendant. Hartman and McClure were each holders of one share of preferred stock and one bond of said corporation under a trust agreement, and were also creditors of the lessee corporation. They alleged the existence of their own and other claims against the corporation, mismanagement of the corporate business, and danger of irreparable loss if creditors were permitted to sue for and collect their demands against the corporation by sale of its assets under execution, and prayed for the appointment of a receiver and for an injunction. On December 8, 1922, W. F. Zumbrunn was appointed receiver of said corporation and an injunction was granted as prayed. The receiver was ordered to continue the business of the Elliott Theatre Enterprises Corporation. He gave the required bond, took possession of the property of the corporation, including the leased premises, and operated the same.

On June 2, 1923, default was made in the terms and provisions of the lease, which the Elliott Theatre Enter-

prises corporation was required to perform, and on that day plaintiff in this case gave notice of such default and that forfeiture would be declared in thirty days unless the terms of the lease were complied with. On July 5, 1923, plaintiff gave notice of forfeiture to Elliott Theatre Enterprises Corporation, W. F. Zumbrunn, receiver, and Home Deposit Company. The latter was trustee for the bondholders of the lessee.

On July 5, 1923, plaintiff herein filed in the case of Hartman et al. v. Elliott Theatre Enterprises Corporation, its intervening petition for the order of the court for the receiver to deliver to plaintiff possession of the leased premises or to authorize plaintiff to bring action in unlawful detainer or other proper action against said receiver to obtain possession of the leased premises. Plaintiff stated that it limited its appearance in said case to the purposes of its intervening petition only. It is unnecessary to recite all of the allegations of said intervening petition. In substance, it alleged certain defaults in performance of the terms of said lease, including failure to pay rents, taxes, insurance premiums, to keep the leased premises in repair and to make certain alterations in and improvements upon the buildings, as required by the terms of the lease.

On July 10, 1923, all parties appeared and trial was had of the issues made by plaintiff's intervening petition. No pleadings were filed in opposition to said intervening petition. The evidence adduced at the hearing was transcribed, and is attached to plaintiff's petition in this court as an appendix thereto. On said date defendant, sitting as judge of said Jackson County Circuit Court, made the following order:

"Now on this 10th day of July, 1923, it being the forty-seventh day of the May term, the hearing of this cause was continued, evidence offered by various parties and the arguments made by counsel for the Scarritt Estate Company, the receiver herein, and holders of notes or bonds and other claimants, by leave of court the list of holders of bonds was amended by adding the claims of

R. K. Doolittle and George Sandz for two hundred dollars each, and it appearing from the evidence that Ambrose K. Elliott was during the time that he was receiver of the Kansas City Amusement Company in this court, and still is the owner of all the capital stock of that company, he filed herein a voluntary entry of appearance individually and as trustee for said Kansas City Amusement Company.

"It is therefore ordered, considered and adjudged by the court that the claims of the holders of bonds and other claims filed herein not already passed upon be continued by the court for further consideration, classification, approval or rejection; that the application of the Scarritt Estate Company, herein filed be taken under advisement by the court, and that W. F. Zumbrunn, receiver herein, be and is hereby appointed receiver for the Kansas City Amusement Company, and A. E. Elliott as trustee for the Kansas City Amusement Company, and he is hereby ordered and directed to take possession and have charge of all the property of said Kansas City Amusement Company, and said A. E. Elliott as trustee of the Kansas City Amusement Company under the terms and provisions of the orders heretofore made appointing him receiver for the Elliott Theatre Enterprises Corporation, and that said property and all other matters involved in this case be subject to further orders herein as the court may find necessary and advisable for the protection of the rights and interests of all parties."

On July 18, 1923, defendant, sitting as judge of said court, made the following order:

"And now the petition of the Scarritt Estate Company for possession of property having heretofore been submitted and argued to the court, and by the court taken under advisement and the court being now fully advised in the premises, denies said petition.

"It is therefore ordered by the court that the petition of the Scarritt Estate Company, for the possession of property be and the same is hereby denied and that said petition be and the same is hereby dismissed."

On July 18, 1923, plaintiff here, as intervening petitioner in that court, filed its motion for new trial. No disposition of the motion for new trial has been made.

. On August 14, 1923, plaintiff filed in this court its petition for our writ to prohibit defendant as such judge from retaining custody and control of the leased property and from further exercising jurisdiction thereover through said receiver and from continuing the receiver appointed by said court in the possession of said property and from further denying to plaintiff the relief prayed for in its intervening petition.

We will here state that on January 19, 1899, Edward L. Scarritt and others (then owners of the property here involved) and Kansas City Amusement Company, a corporation, entered into a lease covering said premises for a term ending May 31, 1910. On June 1, 1909, the Scarritt Estate Company (the plaintiff here and grantee of lessors named in the lease of January 19, 1899) and Kansas City Amusement Company entered into an agreement continuing in force the lease of January 19, 1899, for a period of five years. On May 10, 1915, the same parties entered into another agreement further extending said lease until May 31, 1921. Thereafter, and on March 27, 1918, said lease was further extended for a period ending fifteen years from May 31, 1921. Under the terms of the last agreement, the lease to the Kansas City Amusement Company would not have expired until May 31, 1936.

On January 5, 1922, in the case of Ambrose E. Elliott v. Dubinsky, Kansas City Amusement Company and others, said Elliott was by the Jackson County Circuit Court appointed as receiver of the Kansas City Amusement Company. He thereafter gave bond and took charge of the assets of said Amusement Company, including the unexpired term of said lease.

On December 8, 1922, after the execution of the ninety-nine-year lease from plaintiff here to Elliott Theatre Enterprises Corporation and after publication of notice to creditors and after previous orders reciting that necessity for a receiver for Kansas City Amusement Company

no longer existed and that the receiver was the owner of all the capital stock of said Kansas City Amusement Company and after making the usual orders attending the winding up of a receivership, said court finally discharged said Elliott as receiver of said Kansas City Amusement Company and directed him as such receiver to turn over to said Kansas City Amusement Company all its property, money and the effects in his hands.

The foregoing facts are either taken from plaintiff's petition in this court or from records introduced at the hearing upon the intervening petition of plaintiff in the circuit court. None of said facts is controverted by defendant's answer to our preliminary rule. Other facts developed by the testimony on said hearing appear in the appendix to plaintiff's petition for our writ. Such other facts as appear pertinent will be referred to later.

On October 6, 1923, we issued our preliminary rule commanding defendant to appear and show cause why he should not be prohibited "from retaining custody and control of Lots 76, 77, 78 and 79 in Ross & Scarritt's Addition in Kansas City, Missouri, and from further exercising jurisdiction thereover through W. F. Zumbrunn, appointed by you as receiver of Elliott Theatre Enterprises Corporation, and from continuing your said receiver in the possession of said property and from further denying to said The Scarritt Estate Company the relief prayed for by it in its petition filed in the action aforesaid, entitled J. C. Hartman et al. versus Elliott Theatre Enterprises Corporation, and now pending before you."

To such preliminary rule, and on October 16, 1923, defendant filed his answer and return. Such answer controverted no allegations contained in plaintiff's petition for our preliminary rule. It alleges that notice and declaration of forfeiture of the lease covering the premises in possession of defendant's receiver were in defiance of defendant's order appointing such receiver.

Said answer then alleged the prior appointment of a receiver in the case of Elliott v. Dubinsky and Kansas

303 Mo. Sup.—43

City Amusement Company, and that the principal asset of said receivership was the unexpired term of the fifteen-year lease which was of great value; that without the knowledge of and in fraud upon defendant and with the knowledge and consent of E. L. Scarritt, president of plaintiff, said receiver used the assets of such receivership in incorporating Elliott Theatre Enterprises Corporation and sought to cancel said fifteen-year lease and execute the ninety-nine-year lease; that the fifteen-year lease was more valuable than the ninety-nine-year lease, because of onerous building requirements of the latter; that the receivership in the Kansas City Amusement Company case was still pending when the fifteen-year lease was attempted to be canceled; that the issuance of bonds by Elliott Theatre Enterprises Corporation while the prior receivership was pending is alleged. Defendant alleged that the motion of plaintiff for new trial is still pending and undisposed of; that plaintiff's remedy is by appeal; that plaintiff is not in this court with clean hands; that the application for our writ of prohibition is premature and without warrant at law or in equity.

Said answer further alleged that said Elliott was the owner of all the stock of Kansas City Amusement Company when Elliott Theatre Enterprises Corporation was organized and has voluntarily entered his appearance in the case of Hartman v. Elliott Theatre Enterprises Corporation, as sole remaining director and trustee of said Kansas City Amusement Company, as well as personally; that W. F. Zumbrunn, receiver, in this case (Hartman Case), has given bond as such and that plaintiff is threatening to bring suit against said receiver on his bond. Said answer then alleged:

"Many creditors of the Kansas City Amusement Company have filed claims in this case and contend that they have a right to recover from the assets of the Kansas City Amusement Company wrongfully used by said Elliott as his individual property in incorporating the defendant in this case, and that their claims are prior and superior to the claims of plaintiff herein under the so-

called ninety-nine-year lease. The parties are all before the court in this receivership case, and no party's rights can be precluded without full and ample opportunity for review by a court of last resort if so desired.

"The attorney representing the holders of bonds of the defendant in this case asserts that the fifteen-year lease was illegally canceled and is in full force and effect, and that the so-called ninety-nine-year lease is fraudulent and void, and that plaintiff herein has no rights thereunder. The holders of these bonds claim the right to contest plaintiff's right to possession of this property or any of the proceeds therefrom under said ninety-nine-year lease, which is the sole basis of plaintiff's application for the writ of prohibition herein."

Said answer then asks denial of our rule in prohibition and suggests the appointment of a commissioner to take testimony and in effect asks that this court take over the case of Hartman v. Elliott Theatre Enterprises Corporation and finally dispose of it.

To said answer and return and on October 25, 1923, plaintiff filed its reply, which is in effect a demurrer to said answer, although it is not so denominated. Such reply denies the necessity for the appointment of a commissioner. The answer does not deny the facts set out in the petition and contained in the appendix thereto. The answer sets out no new facts, except such as are admitted by the reply in so far as it partakes of the nature of a demurrer to the answer. There is clearly no occasion for us to appoint a commissioner.

From the testimony of Ambrose E. Elliott at the hearing upon plaintiff's intervening petition, it appears that there are no records of any kind showing any meeting of the board of directors of the Kansas City Amusement Company, approving any sale or transfer of its assets to Elliott Theatre Enterprises Corporation or any cancellation of the fifteen-year lease. Such matters were not even discussed in any meeting of the board of directors of the Kansas City Amusement Company. It is not contended that the same defaults as to payment

of rents, taxes, insurance premiums and making of repairs have not occurred under the fifteen-year lease as under the ninety-nine-year lease.

In its order of October 21, 1922, finally discharging Elliott as receiver of the Kansas City Amusement Company, the Jackson County Circuit Court found (and defendant so alleges in his answer) that Elliott was the owner of all the capital stock of the Kansas City Amusement Company. Said order also recited that due notice to all creditors of the Kansas City Amusement Company had been given. The assets of said Amusement Company in the hands of its receiver were ordered turned over to the company on December 8, 1922. It does not appear that any objection was made to any of the above orders. The final order in that case was made at the November, 1922, term. It was at the May, 1923, term of the Jackson County Circuit Court, or the third term of court after the final discharge of Elliott as receiver in the case of Elliott v. Dubinsky and Kansas City Amusement Company, that plaintiff here filed its intervening petition in the case of Hartman et al. v. Elliott Theatre Enterprises Corporation. There is no proof in the record that the court retained further jurisdiction for any purpose in the case of Elliott v. Dubinsky and Kansas City Amusement Company after the November term, 1922, of said court. Nor does any reason suggest itself why jurisdiction should have been retained. That case then became a closed incident.

Elliott testified at the hearing on plaintiff's intervening petition that he discussed with Judge Scarritt, representing plaintiff, the cancellation of the fifteen-year lease to Kansas City Amusement Company and issuance of bonds upon the ninety-nine-year lease and that he made no objection to such bond issue; that Judge Scarritt knew that he was still receiver for Kansas City Amusement Company; that he did not inform the court of the execution of the ninety-nine-year lease to Elliott Theatre Enterprises Corporation or the issuance of bonds by

said corporation while he was still receiver of the Kansas City Amusement Company.

We have stated sufficient facts, we think, to indicate that the affairs of the Kansas City Amusement Company and Elliott Theatre Enterprises Corporation were in a serious, if not well-nigh hopeless tangle. We are not called upon to untangle such affairs in this proceeding, and refuse to be drawn into a consideration of the question of the validity of the ninety-nine-year lease to Elliott Theatre Enterprises Corporation. For whatever it is worth, it is an asset of that corporation. If it is invalid and the fifteen-year lease is in full force and effect because not cancelled, said fifteen-year lease did not become an asset of the corporation and cannot be reached by the creditors of said corporation as such. There is no pretense that the fifteen-year lease was assigned to the corporation or even attempted to be so assigned or that it claimed possession of the premises under it. Plaintiff and Elliott treated it as having been cancelled. If there is an unexpired term of such lease, such term is the property of the Kansas City Amusement Company. The creditors of the Kansas City Amusement Company *as such* may look to the fifteen-year lease as an asset, if said lease still has life. When, if they did, the creditors of Kansas City Amusement Company became creditors of the Elliott Theatre Enterprises Corporation because of assumption of the payment of their accounts by such corporation, as such creditors they could only look to the assets of that corporation to satisfy their claims. They could only look to the assets of the corporation as they found them. In that capacity they cannot claim that the fifteen-year lease is an asset of the corporation and at the same time contend that said lease is still valid and the property of the Amusement Company. The Theatre Enterprises Corporation is only claiming under the ninety-nine-year lease. Claims of validity for the fifteen-year lease must be made by the Kansas City Amusement Company or by its creditors as such.

We do not say that the creditors of the Amusement Company cannot look to the property of that company to satisfy their claims, notwithstanding such claims had been assumed by the Elliott Theatre Enterprises Corporation. But they must do this in an appropriate proceeding and under adequate pleading. There was pending before defendant no case involving the affairs of the Kansas City Amusement Company when he made his order appointing Mr. Zumbrunn receiver for that company. The receiver in the Kansas City Amusement Company case had been finally discharged at the preceding term. The case had been finally closed. It is not pretended here that any order was made in the Kansas City Amusement Company case appointing Zumbrunn as receiver. His appointment was made in the case of Hartman v. Elliott Theatre Enterprises Corporation. The only pleading fixing the issues to be determined by defendant on that hearing was the intervening petition of the Scarritt Estate Company to recover possession of the property under the ninety-nine-year lease. There was no pleading asking or authorizing the Kansas City Amusement Company or Ambrose E. Elliott to be brought into the case as a party or asking for the appointment of a receiver for Kansas City Amusement Company or Elliott as trustee for it. The order appointing Zumbrunn as such receiver was void because the court had then no jurisdiction of the affairs of the Kansas City Amusement Company. The order was not justified by any pleading in the case. Such order was *coram non judice*. Jurisdiction to make such an order could not be conferred upon defendant by the mere entry of appearance in Hartman v. Elliott Theatre Enterprises Corporation by Elliott as sole owner of the capital stock of the Kansas City Amusement Company or as trustee for it.

The case of State ex rel. v. Muench, 217 Mo. 124, is, we think, sufficient authority upon the foregoing proposition. In an appropriate proceeding Judge Muench of the Circuit Court of the City of St. Louis appointed a

trustee to succeed a deceased trustee appointed by will. He then made an order retaining jurisdiction of the trust estate for the purpose of further administration. Such order was not appealed from. He thereafter made an order for the sale of a part of the trust estate. This court prohibited such action. Quoting from Andrews' Stephen's Pleading (2 Ed.) p. 34, LAMM, J., said:

" 'The judicial power can be set in motion in civil matters only by some person—using the word in its broadest sense—in a case against another person. The courts cannot, *ex mero motu*, set themselves in motion, nor have they power to decide questions except such as are presented by the parties in their pleadings. The parties, by their attorneys, make the record, and what is decided within the issue is *res adjudicata;* anything beyond is *coram non judice* and void.' "

In that case the order was sought to be justified because the original decree was by consent and unappealed from. Discussing this contention, Judge LAMM said:

"But if the chancellor, as we have held, reached out his arm too far and grasped a jurisdiction not within the issues, then that part of the decree outside the issues became *coram non judice* and void. In that view of the case no appeal was necessary, and the void part of the judgment is subject to collateral attack."

The cases cited by defendant to the effect that where a court of equity has jurisdiction of the *res* and of the parties, it will not relax its grasp upon the *res* until it has done full, adequate and complete justice between the parties, have no application to the situation here. Before that rule may be applied, the court must not only have the *res* before it, but the pleadings must authorize the court to act in respect thereto.

There can be no question that prohibition is the appropriate remedy to prevent a court from making an order it has no jurisdiction to make. The cases cited by defendant only go to the unquestioned rule that prohibition is not the remedy for an erroneous order or judgment when the court is exercising its proper judi-

cial power.   Plaintiff could have appealed, but it is
readily apparent that such remedy is wholly inadequate
where plaintiff is wrongfully kept out of possession of
property to which it is entitled by an unauthorized ap-
pointment of a receiver to take charge of such property
with the long delay usually incident to an appeal and
where there is present the likelihood, if not certainty, of
further loss of rentals, etc.

Plaintiff filed an intervening petition in the circuit
court and submitted itself to the jurisdiction of that
court for all purposes so far as the issues involved in
such petition were concerned.   The judge of the circuit
court had full power to decide such issues, including the
right to decide such issues incorrectly, as well as cor-
rectly.   Deciding a case incorrectly is no ground for the
interference of this court by prohibition.   In other words,
an inferior court cannot be prevented by the order of a
court exercising superintending control over it from
deciding incorrectly issues properly before it.   Nor can
this court impose upon the trial court its judgment as
to how that court should decide any case wherein that
court has full right to exercise its judicial power.   It
is only when the trial court undertakes to do some act it
has no jurisdiction to do or acts in excess of its ap-
propriate jurisdiction that this court may interfere and
prohibit such acts.   The act of defendant in denying
plaintiff's petition for restoration to it of the leased
premises held by the receiver as the property of Elliott
Theatre Enterprises Corporation or for permission to
proceed against the receiver of the court to recover such
possession is a judicial act which this court is without
power to control or to set aside by prohibition.   If de-
fendant erred in his decision in that respect and here-
after refuses to set his order aside, plaintiff's remedy
is by appeal.   It, therefore, is unnecessary for us to
discuss the right of plaintiff to forfeit the ninety-nine-
year lease as against the receiver of the assets and busi-
ness of Elliott Theatre Enterprises Corporation.

The appointment of a receiver for the Kansas City Amusement Company and the order for him to take possession of the leased property under the fifteen-year lease to Kansas City Amusement Company were acts entirely outside of and in excess of the jurisdiction conferred upon defendant by the pleadings in the case of Hartman v. Elliott Theatre Enterprises Corporation and plaintiff's intervening petition therein and the hand of defendant can and should be stayed by our absolute rule from enforcing or continuing in effect either of such orders. As to such acts, our preliminary rule should be made absolute and it is ordered that it issue accordingly.

We have no power to control the defendant's judicial action upon the issues involved in plaintiff's intervening petition and as to such act our preliminary rule will be discharged. All concur; *Graves, J.,* in the result.

## ON MOTION TO MODIFY.

GRAVES, J. (dissenting).—I concurred in the result of the opinion filed herein, but now withdraw this limited concurrence, and dissent from the result of the opinion, for reasons which I now assign.

I. The opinion properly rules that the trial court had no jurisdiction over the Kansas City Amusement Company, and no right to appoint a receiver for such company. There was no suit pending against such company in which a receiver could have been appointed. This in addition to the fact that such corporation had gone through a receivership, and such receivership had been closed and the receiver discharged. It is not even a debatable question as to the absolute want of jurisdiction to appoint a receiver for such corporation. Eliminating this portion of the judgment as in excess of jurisdiction, we have left the receivership in the case of Hartman et al. v. Elliott Theater Enterprises Corporation. Of this portion of the judgment in the next paragraph.

II.  In the Hartman Case the receiver and the court had charge of the property under and by virtue of the ninety-nine-year lease.  The only right and power that either the court or its receiver had to hold the property was by virtue of the lease.  Neither the court nor its receiver can deny the original validity of this lease, because, if it is invalid, the jurisdiction and power to further hold possession of the property is gone.  This lease was inventoried as the chief asset of the Elliott Theatre Enterprises Corporation.  It is the only instrument by which that corporation had any claim to the possession of the property, and is the only instrument by which the receiver for such corporation can claim the right of possession.  It is trite law that the receiver acquires only such rights and title in the property as the insolvent corporation possessed.  As the Elliott Theatre Enterprises Corporation was dependent solely upon this ninety-nine-year lease for its rights in the property, the receiver's rights were likewise dependent upon that lease.  The very right and jurisdiction of the court to hold the property, through its receiver, is dependent upon that lease, and if it fails, then the right, power and jurisdiction to further hold the property fails.  Of this situation there can be no question.

III.  Now to the actual situation after the elimination of the Kansas City Amusement Company, and the fifteen-year lease.  The ninety-nine-year lease had forfeiture provisions.  After the circuit court in the Hartman Case appointed its receiver for the Elliott Theatre Enterprises Corporation, the receiver took possession of the property of the Scarritt Estate Company, under and by virtue of this lease.  This possession was subject to all the provisions of the lease.  If the lease expired by the lapse of its term, the receiver's right to hold would end, and the trial court would have no further jurisdiction over the property.  So too, if the lease be terminated in any other manner, the right, power and jurisdiction to further hold the property from the rightful owners

would end. In the Hartman Case, the Scarritt Estate Company filed an intervening petition asking for the possession of its property, or for the leave of court to sue its receiver for such possession. This petition set out in detail all the facts showing that the Scarritt Estate Company was entitled to a forfeiture under the terms of the ninety-nine-year lease, and all the facts showing that it had forfeited the lease as per the terms of the lease. No answer was made to this petition. The facts therein stated stood confessed. It is true that evidence was offered showing the fact pleaded to be true, but as no denial of the facts were made, and no denial of the forfeiture was made, the introduction of this evidence was an unnecessary precaution. So that on the face of the pleadings the forfeiture of this lease for ninety-nine years (which was the only instrument giving the court or its receiver the right to hold the property) is an admitted fact, and the sole question left is the purely legal question as to whether or not the court and its receiver lost jurisdiction of the property upon the admitted facts. Where the jurisdiction of a court is dependent upon facts, and the facts stand admitted the question of jurisdiction then becomes one of law, and prohibition will lie. This is likewise true as to mandamus. [Carter v. Bolster, 122 Mo. App. l. c. 143-144; State ex rel. v. Mills, 231 Mo. l. c. 500; State ex rel. v. Homer, 249 Mo. l. c. 65 et seq.; State ex rel. v. Holtcamp, 266 Mo. l. c. 372 et seq.]

The right, the power and the jurisdiction of Judge Johnson and his receiver to further withhold the possession of this property was dependent upon facts. The relator in this present proceeding had, in its intervening petition in the Hartman Case, duly verified by the affidavit of Judge E. L. Scarritt, set up the facts showing both the reasons for a forfeiture of the lease, and the forfeiture itself. This petition stands unchallenged by answer either upon the part of the receiver, or the creditors. The facts are therefore admitted and not dis-

puted. In such case the jurisdiction becomes a question of law, and prohibition will lie. So run all the cases cited, supra.

An appeal would not be an adequate remedy. See cases, supra, and the following: State ex rel. v. Jones, 274 Mo. l. c. 395; State ex rel. v. Elkin, 130 Mo. l. c. 109; State ex rel. v. Aloe, 152 Mo. l. c. 483.

The admitted facts recited in the intervening petition shows a condition which renders an appeal wholly inadequate. The receiver was paying no rent. He was permitting taxes to accumulate, and allowing insurance to lapse. If ever an appeal would prove wholly inadequate, it is in this case. I think our opinion should be so modified as to oust the circuit court of the jurisdiction over this property, to the end that the possession thereof may be returned to the rightful owners, the Scarritt Estate Company. I therefore dissent to the present opinion.