TIMBERLINE WALES RIGGS ET AL., Appellants, v. DAISY C. MOISE ET AL.—128 S. W. (2d) 632.

Court en Banc, March 7, 1939.

*Scarritt, Jones & North* for appellants.

*Samuel A. Dew* and *Levi E. Cisel* for respondents.

180

DOUGLAS, J.—The main question in this case is whether the jurisdiction which Division No. 3 of the Circuit Court of Jackson County is asserting over the administration of the trust estate of Chauncey Wales Riggs, deceased, had been properly invoked so as to exclude Division No. 4, another division of said court, having concurrent jurisdiction, from later assuming jurisdiction over a controversy about the administration of said estate.

Chauncey Wales Riggs, the testator, in his will described himself as a resident of the State of Arkansas, and appointed as his sole executor and trustee the Mercantile Trust Company of Little Rock. He provided that in the event of the dissolution of such trust company, or should it fail to act, then the Supreme Court of Arkansas should appoint as its successor a trust company of Memphis, Tennessee, or, if a reliable one there would not act, then one of Arkansas. Later, by a codicil, the testator, still describing himself as a resident of Arkansas, but at that time being in Kansas City, appointed Lionel Moise of Kansas City as co-executor and co-trustee with the Mercantile Trust Company. The will and codicils created an active trust for the benefit of the testator's children, some of whom were minors. The testator died November 19, 1917. The will and codicils were probated both in Cross County, Arkansas, in January, 1918, and in Jackson County, Missouri, in February, 1918. The Mercantile Trust Company was appointed executor in Arkansas and Lionel Moise in Missouri. Each executor qualified to serve. When the administration in Jackson County was about to be closed, Lionel Moise filed in the Circuit Court in Jackson County to the January, 1919 Term, an *ex parte* petition, which was given Circuit Court No. 132,950 and assigned to Division No. 3. In the petition the appointments of the executors in

Arkansas and Missouri were set out. It was stated that the administration in Arkansas was closed and the executor there discharged because there was no personal property of any value belonging to the estate in Arkansas, and that all the property was in the possession of Lionel Moise, executor in Missouri. The petition asked the court to appoint Lionel Moise, the petitioner, trustee, as he was named trustee in the will, so that he could take charge of the trust property upon the final settlement and distribution of the estate by the Probate Court of Jackson County, Missouri. A copy of the will was attached to the petition.

The court (Division No. 3) entered its decree in which it stated that as the will appointed Lionel Moise as trustee, therefore it (the court) did appoint Moise as trustee. Moise filed an inventory of the trust estate in Division No. 3, and thereafter filed semi-annual reports. In April, 1929, Moise submitted his resignation as trustee, and in November, 1929, Division No. 3 entered an order accepting his resignation and appointing his wife, Daisy C. Moise, as trustee. In 1933 Lionel Moise died and Daisy C. Moise became and still is the executrix of his estate. Now the beneficiaries enter the picture. In February, 1936, Timberline Wales Riggs of Duluth, Minnesota, a son of Chauncey Wales Riggs and a beneficiary under his father's will, together with all the other beneficiaries under the will, claiming to be entitled to the trust estate, filed a suit in the Circuit Court of Jackson County against Daisy C. Moise, individually, and as executrix of the estate of Lionel Moise. This suit was assigned to Division No. 4 for hearing. In the petition in said suit, plaintiffs alleged that the trusteeship was vacant because of the death of Lionel Moise, the trustee named in the will; that all the proceedings in Division No. 3 having to do with the estate were wholly void and of no effect, including the appointment of Lionel Moise as trustee, the assumption of jurisdiction over the administration of the trust estate, the acceptance of Lionel Moise's resignation, and the appointment of Daisy C. Moise as his successor; and that Daisy C. Moise has been acting as trustee *de son tort*. They asked that the court appoint a trustee to succeed Lionel Moise, deceased, and that Daisy C. Moise be ordered to turn over all the trust property to such new trustee. Daisy C. Moise, the defendant, filed an answer admitting the allegations of the petition and consenting to the entry of a judgment as prayed. Thereupon, on February 21, 1936, a decree was entered by Division No. 4 which found that a vacancy existed in the trusteeship; appointed Wales Riggs, III, as trustee; authorized him to institute any necessary proceedings; and ordered the trust estate turned over to him. A year later, in February, 1937, defendant Daisy C. Moise filed a motion in Division No. 4 to set aside the decree and to dismiss the cause for want of jurisdiction over the subject matter on the ground that Division No. 3

had been and was then exercising full and complete jurisdiction over the trust estate, the trustee and the administration thereof; that the defendant Daisy C. Moise had never been removed as trustee by said Division No. 3 and that said Division No. 3 has the sole right to make the appointment of any successor trustee. The court (Division No. 4) sustained the motion and entered a decree finding that Division No. 3 had sole and exclusive jurisdiction over said trust estate and that therefore it (Division No. 4) at no time had jurisdiction over the subject matter and that all of its orders were void. It vacated and set aside its orders, and dismissed the cause for want of jurisdiction. Plaintiffs have appealed to this court.

█ The question of jurisdiction may be raised at any time even by motion after judgment. [State ex rel. Kelly v. Trimble, 297 Mo. 104, 247 S. W. 187.]

█ One who creates a trust has the freedom of choice and complete power to name his trustee so long as such trustee possesses the proper legal qualifications. [Adams v. Highland Cemetery Co. (Mo.), 192 S. W. 944.] No procedure in any court for the confirmation of the appointment of a trustee so named is compelled in Missouri, as it is in some states, as a condition precedent to a trustee entering upon the performance of his duties.

█ Appellants contend that Division No. 3 never had jurisdiction over the trust estate, and that its appointment of Lionel Moise, who was already named by the will as trustee, was a nullity and all subsequent acts of the court, therefore, void. Respondents claim that the effect of the petition and decree appointing Lionel Moise as trustee was merely to invest him with the powers of a *sole* trustee. Referring to the petition filed by Moise for his appointment as trustee, we find the only mention made of the co-trustee named in the will, the trust company, was that it was discharged as executor by the probate court for the reason that there was no property in the State of Arkansas. The petition shows that all the property was still in the hands of the executor in the process of administration in Missouri, so that the period of trusteeship had not yet commenced. There is not a word to the effect that the trust company had renounced, disclaimed or refused its appointment as trustee, or intended to do so. Nor does the petition ask that the petitioner be appointed *sole* trustee. It asks the court "to appoint him trustee as provided by the said will." Nor does the decree attempt to appoint him *sole* trustee. It merely states that upon a reading of the will it finds that the petitioner was named in the will as trustee and, therefore, "he is hereby appointed trustee for the estate." Even if such was the purpose of the action it was unnecessary as had the trust company refused to act or resigned as co-trustee and had no successor to it been appointed, Moise would

have become sole trustee as a matter of law without the necssity of a decree. [McCallister v. Ross, 155 Mo. 87, 55 S. W. 1027.]

█ It is urged that the voluntary action of Moise in appealing to a court of chancery was proper in view of the fact that the will provided for joint action by the trustees and for especial duties by the trustees in the care of the minor children. From the will and codicils we find no special confidences imposed nor any particular personal discretionary duties prescribed because of the particular identity of the trustees. The duties decreed are merely incidental to the office. The provision in the will for a successor to the trust company also leads to such a conclusion.

Respondents urge that because of the inherent power of a court of equity to exercise jurisdiction over trust estates, to supervise their administration, and to make all orders necessary for their preservation and conservation the jurisdiction of the court was properly invoked in that proceeding. There is no question, of course, as to such inherent jurisdiction of a court of equity, but it has been ruled in this State that although the court has such abstract jurisdiction inherently, it can acquire jurisdiction in the concrete in a particular instance only when it is presented to the court as prescribed by law. We quote again with approval the general rule, subject to such exception as may be provided by statute: " 'The judicial power can be set in motion in civil matters only by some person—using the word in its broadest sense—in a case against another person. The courts cannot, *ex mero motu*, set themselves in motion, nor have they power to decide questions except such as are presented by the parties in their pleadings. The parties, by their attorneys, make the record, and what is decided within the issue is *res adjudicata;* anything beyond is *coram non judice* and void.' [Andrews' Stephens' Pleading (2 Ed.), p. 34.]" [State ex rel. McManus v. Muench, 217 Mo. 124, 117 S. W. 25.]

█ The effect of the proceeding in Division No. 3 was to have the court appoint Moise to an office which had already been given fully and completely by the will. He had accepted the executorship and had the property. Nothing in his conduct indicated an intention to decline the appointment as trustee and the record discloses nothing had intervened to require in any way a confirmation of his appointment. There was no vacancy. Under such circumstances the application to Division No. 3 did not invoke its jurisdiction, and the appointment by it was a nullity. We have so held in Willams v. Hund, 302 Mo. 451, 258 S. W. 703. Perry also says that an appointment by a court of a trustee where there is no vacancy, the former trustee not having relinquished the trust nor been deprived of it for abuse or mismanagement, is a nullity. [Perry on Trusts and Trustees (7 Ed.), sec. 277.] The court cannot "prevent or promote the transmission and vesting of the title of estates

devised in trust, in those who are named trustees." [Parker v. Sears, 117 Mass. 513. Holding to the same effect are Monk v. Everett, 277 Mass. 65, 177 N. E. 797, 76 A. L. R. 1382; Mullanny v. Nangle, 212 Ill. 247; LaForge v. Binns, 125 Ill. App. 527; In re Goulden, 170 N. Y. Supp. 154; The City Council of Augusta v. Walton, 77 Ga. 517.] It is evident therefore that Division No. 3 never acquired jurisdiction to appoint Lionel Moise as trustee and as a result had no jurisdiction for any purpose over the particular trust. We cannot agree with the Court of Appeals in so much of the opinion in State ex rel. Kenney v. Johnson (Mo. App.), 68 S. W. (2d) 858, that holds that the circuit court had full and adequate jurisdiction to appoint as trustee the person named in the will. There was no vacancy in the office of trustee. One of the questions for determination there, as the court declared, was the effect of Section 3138, Revised Statutes 1929, on the inherent jurisdiction of courts of equity over trust estates created by will. The section provides that the circuit court may require a trustee to give bond for the faithful execution of the trust unless the instrument which created the trust dispensed with security. The Court of Appeals found that the purpose of the statute was subserved by the filing of a certified copy of the will in the circuit court by which it first took cognizance of the trust estate and by the approval of the bond of the original trustee named in the will. Furthermore, the facts of that case, as stated in the opinion, merely show that the trustee named in the will appeared in court, filed a copy of the will and filed his bond as trustee, which bond was approved. Such declaration as to the power of the court below *to appoint a trustee* in such a proceeding was unnecessary to the decision, is surplusage and to that extent we overrule the case.

The appointment by Division No. 3 of Daisy C. Moise as successor trustee after the attempted resignation of Lionel Moise, the trustee named in the will, was void for an additional reason. The appointment of a successor trustee is in effect a holding that a vacancy existed in the office of trustee. [In re Strasser, 220 Iowa, 194, 262 N. W. 137, 102 A. L. R. 117.] There was no such vacancy because the so-called resignation of Lionel Moise was a nullity not only because Division No. 3 had no jurisdiction of the trust but also because no notice of his application to resign was given the beneficiaries, their consent not having been obtained. They were not parties to the proceeding in which such resignation was attempted. It appears to be settled law that a trustee who has once accepted the trust and entered upon the management of it cannot resign except (a) by proceedings before a court having jurisdiction over the trust; or (b) in accordance with the terms of the trust; or (c) with the consent of all the beneficiaries, if they have capacity to given such consent. [American Law Institute, Restatement of the

Law of Trusts, sec. 106; Perry on Trusts & Trustees (7 Ed.), sec. 274.] In Bogert on Trusts and Trustees, section 514, discussing the resignation of a trustee through judicial proceedings it is stated: ". . . the beneficiaries should be given notice of the proceedings in order that they may have an opportunity to present objections. Occasionally this is made a jurisdictional requirement, but it is not normally so regarded." ■ The statement that notice to beneficiaries of the intended resignation of a trustee is not normally regarded as a jurisdictional requirement is not supported nor do we agreed with it. In some states, however, special provisions have been made by statute. Sometime, exception is made when the beneficiaries are extremely numerous. In this State, it is indeed a jurisdictional requirement that the beneficiaries be given notice. In a proceeding by a trustee to resign and be discharged from liability, who would be the adversary parties if not the beneficiaries? How could such a proceeding be set in motion under the ruling in State ex rel. McManus v. Muench, 217 Mo. 124, 117 S. W. 25, quoted above, if the beneficiaries were not joined as parties defendant? How else could the requirements of the general rule be met that all persons materially interested, either legally or beneficially in the subject matter of the suit, should be made parties; and, in cases of trust, the general rule that the beneficiaries are necessary parties? [Story's Equity Pleading, sec. 207; Sampson v. Mitchell, 125 Mo. 217, 28 S. W. 768.] These general rules are based on the purpose of promoting justice among all who are interested in the subject matter of the decree and to prevent further litigation. [Leyden v. Owen, 150 Mo. App. 102, 129 S. W. 984.] In State ex rel. Ponath v. Muench, 230 Mo. 236, 130 S. W. 282, a case in which a trustee petitioned to be relieved of his duties and for the appointment of a new trustee the court, through Judge Graves, said: "The court became possessed of jurisdiction of the subject matter and the parties, when the trustee filed a petition for release and an accounting *and the beneficiaries appeared.*" (Our italics.) A judgment releasing a trustee and appointing a new one was held to be void because all the beneficiaries were not made parties in Clay's Administrator v. Edwards' Trustee, 84 Ky. 548. [See, also, Williams v. Hund, 302 Mo. 451, 471, 258 S. W. 703, supra; Anderson v. Robinson, 57 Ore. 172; Jones v. Stockett (Md.), 2 Bland, 409, 435; South British Insurance Co. v. Younger, 58 Fed. (2d) 1049.]

In view of the conclusions we have reached it becomes unnecessary to discuss other arguments advanced by the parties.

For the reasons we have stated, Division No. 3 had no jurisdiction whatever of the trust estate. The trustee named in the will had died, the attempted appointment of his successor was void and a vacancy existed. Therefore, the action of Division No. 4 setting

aside its decree of February 21, 1936, and dismissing the cause, should be reversed and the cause should be remanded with directions to the court to reinstate the cause and to reenter said decree dated February 21, 1936, as of said date. It is so ordered. All concur, except *Clark, J.*, not sitting.