STATE OF MISSOURI at the relation of WALES RIGGS, III, Relator, v. THOMAS J. SEEHORN, Judge.—125 S. W. (2d) 851.

Court en Banc, March 7, 1939.

*Scarritt, Jones & North* for relator.

*Samuel A. Dew* and *Levi E. Cisel* for respondent.

DOUGLAS, J.—This is an original proceeding in prohibition against Thomas J. Seehorn, Judge of Division No. 3 of the Circuit Court of Jackson County to prevent him from taking further action in the case of No. 132,950 entitled ''Lionel Moise—Ex Parte'' in which he had been and was intending to continue to exercise jurisdiction over the trust estate of Chauncey Wales Riggs, deceased. To respondent's return relator filed a motion for judgment on the pleadings, which obviates any exceptions as to facts and leaves for decision only questions of law.

This is a companion case to the case of Timberline Wales Riggs et al. v. Daisy C. Moise et al., 344 Mo. 177, 128 S. W. (2d) 632, which we have decided contemporaneously herewith. That case was an appeal from Division No. 4 of the Circuit Court of Jackson County while the instant case, as we have said, is prohibition directed to this Division, No. 3. The same issues are involved in both cases. The jurisdiction of this Division, No. 3, was an issue in that case. Re-

ferring to the opinion in that case it will be noted that it was there alleged that the trusteeship was vacant and that all the proceedings in this case were void as the jurisdiction of this Division, No. 3, had never been properly invoked. With the consent of all the parties, the court so decreed but thereafter in February, 1937, that Division, No. 4, sustained defendant's motion to set aside its decree and judgment previously entered and to dismiss the case for the reason that this Division, No. 3, had already acquired prior and exclusive jurisdiction over the trust estate. Thereupon this Division, No. 3, resumed its jurisdiction over the trust estate and Daisy C. Moise, who had previously been appointed successor trustee, proceeded to file a motion for her discharge as trustee; for a final accounting; and for the appointment of a successor trustee. Wales Riggs, III, one of the beneficiaries of the trust estate, then filed a motion to strike out this motion of Daisy C. Moise on the ground that this Division, No. 3, had no jurisdiction of the trust estate. Upon the presentation of this latter motion the Judge of this Division made this statement for the record: "It is evident that the appellate court must tell me whether I have jurisdiction in this case. Therefore, to make the record for the purpose of seeking a writ of prohibition against me, I now state that I claim to have jurisdiction in this case and intend to continue to exercise the same; I intend to proceed to discharge Daisy C. Moise as trustee as she failed to give the bond as trustee which the court required, and I intend to appoint in her place another trustee of the Chauncey Wales Riggs' trust estate, and I intend to and will require Daisy C. Moise to render to this court an accounting during the time she has assumed to act as trustee by the appointment of his court. In other words, I will, unless prohibited, continue to exercise jurisdiction in this cause and over said trust estate and the trustee thereof.''

Relator then instituted this proceeding in prohibition.

■ We have held in Riggs v. Moise, 344 Mo. 177, 128 S. W. (2d) 632, supra, that this Division, No. 3, did not have jurisdiction because it was never properly invoked; that its acts were void; and that its attempts to continue to exercise jurisdiction over the trust estate were void. We might add to the authorities cited in that opinion the case of Scarritt Estate Co. v. Johnson, 303 Mo. 664, 262 S. W. 373, which quotes with approval from State ex rel. McManus v. Muench, 217 Mo. 124, 117 S. W. 25, as follows: "But if the chancellor, as we have held, reached out his arm too far and grasped a jurisdiction not within the issues, then that part of the decree outside of the issues became *coram non judice* and void. . . . There can be no question that prohibition is the appropriate remedy to prevent a court from making an order it has no jurisdiction to make.''

This Division, No. 3, having no jurisdiction over said trust estate for the reasons set out in Riggs v. Moise, supra, the provisional rule

in prohibition heretofore issued against respondent should be made absolute and our writ in prohibition issued. It is so ordered. All concur, except *Clark, J.,* not setting.