**Cynthia Love ROTH, et al.,
Plaintiff–Respondent,**

v.

**Mary Love LEHMANN, et al.,
Defendant–Appellant.**

No. 52375.

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 22, 1987.

John L. Sullivan, St. Louis, for defendant-appellant.

Jerome R. Mandelstamm, St. Louis, for plaintiff-respondent.

SMITH, Judge.

Defendant appeals from the judgment of the trial court removing her as trustee of a trust established by her deceased mother and surcharging the trust for certain offsets defendant had charged against plaintiff Cynthia Love Roth.

The trust was created by Mary Potter Love. It provided for her children and grandchildren. A separate share of the trust was to be set aside for each of her five children. The share for her son, Kennett, was to be fully distributed on his reaching 35 which occurred before this suit. The remaining four shares were to be held for the life of settlor's four daughters who were to receive the income during their lives. Upon death the share of each daughter was to be distributed to her children upon their reaching 21. One daughter has died leaving children. Distribution to those children is not at issue here.

The suit was brought by a daughter, Cynthia Love Roth, and her children. Mary Love Lehmann and Kennett Love, the son, were joined as defendants and co-trustees. Also joined were two banks which had served at one time or another as co-trustees. Both banks had resigned as co-trustee prior to institution of this suit. The court granted summary judgment as to both banks and that ruling is not before us. No other beneficiaries of the trust were joined as defendants. As pleaded plaintiffs sought an accounting, removal of the trustee Lehmann, and a surcharge against Lehmann for certain alleged misconduct in her management of the trust. Surcharges against Kennett Love and the banks were also sought.

After hearing, the trial court ordered the removal of both Lehmann and Love as trustees. It directed that a new corporate trustee be appointed and that the new corporate trustee pay to plaintiff a total of $13,923.92 as her share of income improperly offset by the individual trustees. The court also ordered the new corporate trustee to recover $3049.96 from Kennett Love for improper distributions made to him. It further ordered the trustee to make demand upon a local school for return of certain paintings belonging to the trust es-

tate and on loan to the school. Upon recovery of the paintings, distribution in kind of the paintings was to be made to the trust beneficiaries in a prescribed formula, i.e., three to each child of settlor and two each to the two children surviving the deceased child. In the event of disagreement by the beneficiaries of which paintings would be distributed to each, the trustee was authorized to make such distribution as it considered reasonable or to sell the paintings and distribute a total of two-fifths of the money to Kennett and the grandchildren and retain the remaining three-fifths in the trust estate.[1] Appeals were filed by both plaintiff and defendant Lehmann. Plaintiff's appeal was dismissed for failure to perfect it. Only the appeal of Lehmann is before us.

■ Lehmann's first point challenges the jurisdiction of the trial court because of the failure to join all of the beneficiaries of the trust. Rule 52.04 provides that "A person shall be joined in the action if ... (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (1) as a practical matter impair or impede his ability to protect that interest.... If he has not been joined, the court shall order that he be made a party...." As a general rule in suits involving trust property both the trustees and the beneficiaries are necessary parties. The former are the legal owners of the trust and the latter have the beneficial or equitable interest. *Riggs v. Moise,* 344 Mo. 177, 128 S.W.2d 632 (banc 1939) [10–14]; *Leyden v. Owen,* 150 Mo.App. 102, 129 S.W. 984 (1910) [5].

■ In the *Riggs* case the court held that in a proceeding in which the trustee sought to resign, the beneficiaries were necessary parties and the court lacked jurisdiction in their absence. We find the same rule to be applicable here. When a trustee ceases to function as such the beneficiaries are enti-

tled to his final accounting. Bogert, Trusts, 2nd Ed. Rev., Ch. 46, § 963; *Application of Continental Bank and Trust Co.,* 82 N.Y.S.2d 214 (Sup.1948) [1]. Each beneficiary has an interest in that accounting, and in challenging it. *Engelsmann v. Holekamp,* 402 S.W.2d 382 (Mo.1960) [5, 6]. Ordering the removal of a trustee impacts in that sense on the rights of each beneficiary and the beneficiaries are necessary parties to a suit seeking such removal. See Bogert, Trusts 6th Ed. Ch. 18, § 160, p. 572.

■ Furthermore, the relief sought in the petition sought to surcharge the trustees personally for certain improper transactions. The judgment granted required payment from the trust to one beneficiary of the trust. The petition presented the issue of the conduct of the trustees and their handling of the trust. Each beneficiary has an interest in that determination. Restatement of Trust, 2d Ed. Ch. 7, § 214. They also each have an interest in the corpus of the trust which is to be reduced by the judgment. That judgment affects the income-producing potential of the trust and the residuary corpus thereof. Both income beneficiaries and the residuary beneficiaries are adversely affected by the judgment as rendered and were, under Rule 52.04, necessary parties to the litigation.

■ Plaintiff asserts that joinder was unnecessary because Lehmann was an income beneficiary of the trust and adequately represented the interests of the beneficiaries. We think not. The difference between the relief sought and that granted demonstrates the inadequacy of Lehmann as a representative of the beneficiaries. It was her conduct as trustee which caused the surcharging of the trust assets. Whether such surcharge should be borne by her individually, as originally requested, or by the trust estate, as ordered in the judgment, was a viable issue before the

---

**1.** No issue has been raised concerning this proposed distribution. The trust provides for distribution of income only to the life beneficiaries. The proposed distribution appears to allow distribution of principal assets upon agreement and retention of the proceeds of sale of those same assets in the event agreement is not reached.

court and an issue on which her interest and that of the other beneficiaries was in direct conflict. Further, she cannot adequately represent other beneficiaries as to her right to continue as trustee or in respect to her accounting if removed. In that posture we are unable to conclude that she adequately represented the interests of all beneficiaries.[2] In view of the failure to join all beneficiaries, we find it premature to pass on the validity of the trial court's findings concerning the surcharges due plaintiff Roth, or the propriety of removing the trustees.

The judgment is reversed and the cause remanded to the trial court for further proceedings in accordance with this opinion. Defendant's motion taken with the case is denied as moot.

KAROHL, P.J., and KELLY, J., concur.

---

2. The parties have half-heartedly joined issue on whether the trust is a single trust with five shares or five separate trusts. We need not reach that issue for the judgment entered clearly contemplates taking money from assets being administered under the trust document and giving them to plaintiff. Whatever the trust is, the money is coming from assets in which the beneficiaries have an equitable interest, and over which Lehman is trustee.