ELIZABETH HOWE *vs.* JAMES P. RAY & another.

A man devised all his real and personal property to his wife in trust and for use, expecting her to provide for his children with the help of the property, to the best of her ability, and directing that she should hold and dispose of principal and income, as her comfort and those of the minor children might justly require; that for these purposes she should control the property in her own absolute right during her life, and that if any of the property bequeathed in trust and for use to her should remain at her death, it should be divided among the surviving children. The widow never gave bond as trustee under this will. *Held,* that she could maintain a petition brought by her, under the Gen. Sts. *c.* 149, to recover damages for overflowing some of the land devised, in which petition she alleged herself to be tenant for life; and that gross damages could be assessed thereon, under the Gen. Sts. *c.* 149, § 20.

COMPLAINT, filed May 24, 1872, under the Gen. Sts. *c.* 149, for overflowing two tracts of land in which the complainant alleged that she " now and for the space of three years last past has been possessed of an estate for her life and as tenant for life." At the trial in the Superior Court, before *Bacon,* J., without a jury, the flowing was admitted, but the title of the complainant to the land flowed was in question.

It appeared that the first tract belonged to John Howe, the complainant's husband ; that the second tract belonged to Jotham Hayward, who died in 1854, leaving it by his will to the four children of John Howe ; that subsequently two of these children died under age and unmarried ; and that afterwards John Howe died in 1866, leaving a will, which, omitting the formal parts, was as follows : " First. I devise, give and bequeath to my wife, Elizabeth Howe, in trust, and for use as hereinafter specified, all my real and personal estate of every description. I constitute her sole guardian of my children during their legal minority and each of them, expecting her to provide for them in all respects with the help of said property to the best of her ability, as they would be if I were living. It is my will that after paying my just debts and funeral charges, she should hold, manage and dispose of the said property, both principal and income, in such a manner as her necessities and substantial comfort, with those of our minor children, may justly require ; that for these purposes she should hold, manage and control said property, inde-

pendently in her own absolute right, free from all interference of any husband or other person whomsoever, during her natural life ; and this bequest and provision I make in lieu of and as superseding all rights of dower provided by law. Second. It is my will that if any of my property bequeathed in trust and for use to my wife as aforesaid, shall remain after her decease, such remainder shall be divided equally between our then surviving children. And that if any one or more of them shall have deceased before that time, leaving a child or children to inherit for them, such child or children shall receive the portion which would have fallen to the parent, if then alive. Third. I ordain and appoint my beloved wife, Elizabeth Howe, sole executrix of this my last will and testament."

It further appeared that the complainant gave bond as executrix, but never gave bond as trustee under her husband's will ; that on February 2, 1872, the two surviving children of John Howe conveyed to her all their right to the second tract and their claim for damage done to said tract by flowage ; and that she had been in possession of the whole of both tracts ever since her husband's death.

The respondents asked the judge to rule that on these facts the complainant was not tenant for life of the land in her own right ; that she had no right to file this complaint until she had given bond as trustee ; that she had no title to the second tract ; that she was entitled at most to only an undivided half of that tract ; that as to that tract no damages could be assessed before the deed to her from her husband's surviving children ; and that no gross damages could be assessed under this complaint as to either tract.

The judge refused so to rule, and ruled that, as to the first tract and as to an undivided half of the second tract, the complainant could maintain her complaint under her husband's will, although she had filed no bond other than as executrix; that she was entitled to have damages assessed for three years before the filing of the complaint, and also to have annual and gross damages assessed for the future ; and that as to the other undivided half of the second tract, she could maintain the com-

plaint under the deed from the surviving children of her husband, and was entitled to have damages assessed in like manner, except that she was entitled to have past damages assessed only from the date of the deed.

The judge, with the consent of the parties, reported the questions of law arising upon the above facts and rulings and refusals to rule, for the determination of this court.

*T. G. Kent*, for the respondents, waived any objection to the complainant's recovering damages for injury to that interest in the second tract which was conveyed to her by her husband's children, before the time of that conveyance, if the court should be of opinion that she was entitled to damages for that interest after the conveyance.

*C. A. Merrill & W. A. Gile*, for the complainant.

CHAPMAN, C. J.   The ruling that the complainant could maintain her case under her complaint as to the first described tract was correct.   The will of John Howe, her husband, bequeathed to her " in trust, and for use as hereinafter specified, all my real and personal estate of every description."   It constitutes her the sole guardian of his children during their legal minority, " expecting her to provide for them in all respects, with the help of said property, to the best of her ability," as if he were living.   It provides that she shall " hold, manage and dispose of the said property, both principal and income, in such a manner as her necessities and substantial comfort, with those of our minor children, may justly require," and that for these purposes she shall hold, manage and control the property during her natural life.   Being in possession under this devise, and having a right of possession, she is entitled to maintain this process as to the first tract.   She is in possession under the devise in her own right, as well as in trust for her children, with power to sell, if in her judgment her substantial comfort and that of her children shall require it.   So far as she holds the property in trust for her children, she is the proper party to institute this process, and must receive the damages, to be accounted for under the trust.   *Davis* v. *Charles River Branch Railroad Co.* 11 Cush. 506.   The respondents have no interest 'n the question whether she has given bond, for her liability is to others, and not to them.

As she has been in possession for more than three years, and the respondents have flowed the land during all that time, it was correctly held that she may recover past damages, as the statute provides.

As to the second tract, it was correctly ruled that John Howe took a fee in one undivided half of it upon the death of his two children unmarried and without issue, and that his interest passed to his wife under the devise, with his other land. The other undivided half passed from the two surviving children to the complainant by their deed executed February 2, 1872. Their right to the damage occasioned by the previous flowing was a chose in action, which might be assigned in equity, but not in law, without the assent of the respondents. She might maintain a process for it in their names. *Charles* v. *Monson & Brimfield Manuf. Co.* 17 Pick. 70. *Walker* v. *Oxford Woollen Manuf. Co.* 10 Met. 203. She has included in her complaint these damages, and the respondents have wisely waived any technical objection to her claim. It saves a separate bill of costs, and the result of the case will conclude her assignors as well as herself. This waiver being made, she may recover what was assigned to her.

She is entitled to maintain her complaint and have judgment for past damages. It is proper also, under the Gen. Sts. *c.* 149, § 20, that the jury should "also ascertain and determine by their verdict what sum" would be "a just and reasonable compensation" for future damages, both annual and in gross. If her title and right were in fact limited to a life interest, as alleged in the complaint, it might affect the subsequent recovery and disposition of the sums so determined; but the right to have them ascertained is not dependent upon the possession of an absolute fee by the complainant. *Paine* v. *Woods*, 108 Mass. 160.

*Warrant to issue.*