JOHN AVERY & another *vs.* C. A. MONROE & others, & trustee.

Worcester.    October 7, 1898. — October 20, 1898.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & BARKER, JJ.

*Trustee Process — Attachment of Property conveyed to Assignee for Benefit of Creditors.*

At the time of the service of a writ the person sought to be charged as trustee had accepted from the principal defendants a conveyance of all their property not exempt from attachment, consisting mainly of machinery, supplies and stock on hand in a shoe factory, and book accounts, in trust for the defendants' creditors, but had done nothing about taking possession of the property. No creditors had become parties to the deed. *Held,* that, the title having passed as between the parties to the deed, and the trustee having the right to the immediate possession, the property was " intrusted in the hands " of the trustee within the meaning of Pub. Sts. c. 183, § 21.

TRUSTEE PROCESS.    The writ was dated March 27, 1896, and was served on the trustee on March 28, 1896.    The conveyance referrred to in the opinion was executed on March 25, 1896.    *Dewey,* J. charged the trustee on his answers to the plaintiffs' interrogatories, and the trustee alleged exceptions. The facts appear in the opinion.

*F. W. Blackmer & E. H. Vaughan,* for the trustee, submitted the case on a brief.

*A. A. Wyman,* for the plaintiffs.

HOLMES, J.    At the time of the service of the writ in this action the person sought to be charged as trustee had accepted from the principal defendants a conveyance of all their property not exempt from attachment, consisting mainly of machinery, supplies and stock on hand in a shoe factory, and book accounts, in trust for the defendants' creditors, but had done nothing about

taking possession of the property. No creditors appear to have become parties to the deed. The question before us is whether these facts warranted the Superior Court in charging the trustee.

The title had passed as between the parties to the deed. The trustee had the right to the immediate possession. We do not see why he was not as well "able to turn it out, to be disposed of on execution," (*Andrews* v. *Ludlow*, 5 Pick. 28, 31,) as if he had taken possession by a formal act. The case of *Viall* v. *Bliss*, 9 Pick. 13, seems probably to have been similar to this, and in Maine it seems settled that in cases like the present the trustee is to be charged. *Lane* v. *Nowell*, 15 Maine, 86. *Arnold* v. *Elwell*, 13 Maine, 261. *Peabody* v. *Maguire*, 79 Maine, 572, 584. *Glenn* v. *Boston & Sandwich Glass Co.* 7 Md. 287. See also *Mechanics' Savings Bank* v. *Waite*, 150 Mass. 234, 235; Cushing, Trustee Process, §§ 53–55; Drake, Attachment, (7th ed.) § 482; Freeman, Executions, (2d ed.) § 160. Section 26 of Pub. Sts. c. 183, is not intended to limit the liability of trustees under deeds like this to cases where they have taken possession, but simply to declare the existing law that they may be charged by trustee process under § 21. Rev. Sts. c. 109, § 35, Commissioners' note. We are of opinion that the property was "intrusted in the hands" of the trustee within Pub. Sts. c. 183, § 21.

It is suggested that it does not appear from the trustee's answers to interrogatories that all the defendants had executed the deed before service of the writ. It does not appear that they had not. The deed was executed, and, if it be material, may be presumed to have been executed by all three of the defendants on the day of its date, as it certainly was by two of them.

*Exceptions overruled.*