MARGARET S. COATES, trustee, *vs.* EZRA LUNT & others.

Essex.  November 7, 1912. — January 29, 1913.

Present: RUGG, C. J., BRALEY, SHELDON, & DECOURCY, JJ.

*Trust,* Executor acting as trustee. *Executor and Administrator. Probate Court. Equity Jurisdiction,* To reform deed.

The fact that one, who was named and has been appointed executor of a will and to whom as a trustee property was given by the will, having given a bond as executor, fails to procure his formal appointment or to give a bond as such trustee, does not show conclusively that he has declined to act in that capacity;

and therefore a sale by him of trust property is not necessarily void solely for that reason.

By the residuary clause of a will two sisters were given certain real estate with other property in trust to pay the income thereof to themselves for life with remainders to their respective children and with a power, if by reason of misfortune either of them needed more than her share of the income, to sell the real estate. One of the sisters became needy and sold her interest in the real estate to her sister and signed an instrument which both sisters intended to be a formal conveyance in pursuance of such sale, but which was not so. The sister who sold her interest died, leaving children. The surviving sister paid to such children none of the income from any of the property which she held under the will as trustee. After her death a trustee under her will by a bill in equity sought to compel the children of the sister who had sold her interest to make formally the conveyance of the property which such sister ineffectually had attempted to convey. *Held,* that after the sale the purchasing sister held the interest of the first sister in the real estate absolutely and was not required to pay any income from that to the children of her sister; and that for any failure on her part to distribute properly the income of the remaining trust property, there was ample remedy in the Probate Court so that such failure furnished no equitable reason for depriving the plaintiff of the proper conveyance of the real estate.

BILL IN EQUITY, filed in the Superior Court on May 11, 1910, by the trustee under the will of Ellen M. Carter against the children of Sarah C. Lunt, alleging in substance that by the residuary clause of the will of Mary S. Greenleaf of Newburyport, who died on January 19, 1890, Ellen M. Carter and Sarah C. Lunt, sisters, were given, among other property, certain real estate numbered 32 on Market Street in Newburyport in trust to pay to themselves the income during their lives, with remainders over to their respective children and with a power, if by reason of misfortune either of them needed more than her share of the income, to sell and convey any or all of the real estate; that Sarah C. Lunt had become needy and that the sisters had decided to sell an interest in the property, and, to carry out that purpose, Sarah C. Lunt had sold her interest to Ellen M. Carter for a certain amount of money, but had not given her a proper deed; that Sarah C. Lunt had died on February 18, 1906, and that Ellen M. Carter had died on November 9, 1908. The prayer of the petition was that the defendants should be ordered to convey the interest in the real estate to the plaintiff by a proper deed.

By a decision reported in 210 Mass. 314, a decree sustaining a demurrer to the bill was reversed.

The case was heard by *Hall,* J., upon an agreed statement of

facts giving the court power to draw inferences from the facts agreed upon and admitting the allegations of the bill excepting as to the following facts:

Neither Sarah C. Lunt nor Ellen M. Carter, the executrices of the will of Mary S. Greenleaf, ever had been appointed a trustee under that will by the Probate Court, nor had given bond as such trustee.

Ellen M. Carter did not pay any portion of the rents and profits of the estate devised and bequeathed by Mary S. Greenleaf to her and Sarah C. Lunt, to the children of the said Sarah C. Lunt, after the death of the said Sarah C. Lunt, and did not then "need more than half of said income for her comfortable support and maintenance" and did not believe that she needed more than half of the income after the death of the said Sarah. C. Lunt.

Ellen M. Carter and Sarah C. Lunt were the only heirs at law of said Mary S. Greenleaf.

The defendants asked the presiding judge to rule in substance as follows:

1. If the plaintiff's testate, Ellen M. Carter, and Sarah C. Lunt did not give a bond to the judge of the probate court as trustees, they did not accept the trust and must be held to have declined the trust.

2. If Ellen M. Carter and Sarah C. Lunt declined the trust to which they were nominated in the will of Mary S. Greenleaf, the attempted conveyance alleged in the bill was void and the plaintiff is not entitled to any relief.

3. If Ellen M. Carter and Sarah C. Lunt did not give bond to the judge of probate as trustees under the will of Mary S. Greenleaf, they were not acting as trustees in holding and managing the real estate at 32 Market Square, and the plaintiff's bill must be dismissed.

4. Under the will of Mary S. Greenleaf, it was the duty of Ellen M. Carter, if she was a trustee, to pay over to the children of Sarah C. Lunt after the death of Sarah C. Lunt, one-half of the net income from the trust property then in the hands of Carter, if she did not need, and did not think she needed, more than one-half of the net income from the property.

5. If Ellen M. Carter was a trustee under the will of Mary S. Greenleaf and did not, after the death of Sarah C. Lunt, apply

one-half of the net income from the trust property then remaining to the use and enjoyment of the issue of said Sarah C. Lunt, who are defendants in this suit, the plaintiff, as trustee under the will of said Carter, is not entitled to any relief upon the pleadings and the agreed facts.

The presiding judge refused to rule as requested, made findings of facts which would entitle the plaintiff to a decree in her favor, and ordered a decree granting to the plaintiff the relief prayed for. The defendants alleged exceptions.

The case was submitted on briefs.

*R. E. Burke & E. E. Crawshaw,* for the defendants.

*N. N. Jones,* for the plaintiff.

SHELDON, J. The fundamental principles to be applied to this case have been settled. *Coates* v. *Lunt,* 210 Mass. 314. Only the specific questions raised by the defendants' exceptions are now before us.

1. The defendants' first and third requests for rulings rightly were refused. The failure of Mrs. Carter and Mrs. Lunt to procure their formal appointment as trustees by the judge of the Probate Court and to give to him bonds as such trustees did not conclusively show that they had declined to act in that capacity, or that they were not in fact acting as trustees in the matters set out in the bill, under the provisions of Pub. Sts. c. 141, § 18, then in force. *Jones* v. *Atchison, Topeka & Santa Fé Railroad,* 150 Mass. 304, 307. *Ricketson* v. *Merrill,* 148 Mass. 76, 82. *Howe* v. *Ray,* 110 Mass. 298. For any default upon their part in dealing with the trust estate, there would have been a remedy upon their bonds as executors. *Miller* v. *Congdon,* 14 Gray, 114, 115. *Prior* v. *Talbot,* 10 Cush. 1.

2. The second request was not applicable to the case. There was nothing further to show that they had "declined the trust to which they were nominated," and the statement in the exceptions that the judge who heard the case "made findings of facts which would entitle the plaintiff to a decree in her favor" sufficiently shows his finding that they had made no such declination. Such an inference by him was justifiable.

3. In equity the share in the real estate described in the bill, of which Mrs. Lunt originally had been entitled to receive the income, had before her death become vested in Mrs. Carter.

Mrs. Carter therefore held that share no longer as trustee, but in her own right, and the children of Mrs. Lunt had no interest therein or in the income thereof. In any event, and even if the children of Mrs. Lunt may have had some interest in other parts of the trust property, which we do not decide, no default or misconduct of Mrs. Carter as trustee could affect her right to the property which she individually had purchased, and which had been, though defectively and insufficiently, conveyed to her as an individual by an instrument which she had the right in equity to have reformed and rectified. That individual right of Mrs. Carter is now vested in the plaintiff, and the plaintiff can enforce it just as Mrs. Carter could have done. If Mrs. Carter was guilty of any default in her administration of the original trust, there was an ample remedy therefor. No equitable reason appears for depriving the plaintiff of the property by reason of any such misconduct by Mrs. Carter. It follows that the judge was right in refusing to give the defendants' fourth and fifth requests.

*Exceptions overruled.*