JOHN EVERETT, executor, *vs.* LORING M. MONK.

Norfolk.     October 19, 1927.— November 22, 1927.

Present: BRALEY, CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Probate Court, Appeal.   Executor and Administrator, Accounts.*

Where, on an appeal by an executor from a decree of a probate court dis-
allowing certain items in an account, there is no report of the evidence
under G. L. c. 215, § 18, nor a finding of facts under § 11, the decree
cannot be reversed.

PETITION, filed by the executor of the will of Earl Gannett,
late of Canton, on July 31, 1918, for the allowance of his
sixth account.

The petition was heard by *McCoole*, J., by whose order
there was entered a decree disallowing certain items therein.
The petitioner appealed.

*J. Everett, pro se.*

No argument nor brief for the respondent.

CARROLL, J.   From the decree of the Probate Court
amending the sixth account of the executor and allowing the
account as amended, the executor appealed.

Items 118–180, both inclusive, in schedule B of the ex-
ecutor's account were disallowed.   These items are for in-
terest on various items of the account which the executor
contends should be allowed to him as payments and charges
under schedule B.   The record contains a copy of the docket
entries from September 12, 1898, to January 20, 1927, and
copies of various accounts presented by the executor, as well
as a report of an auditor to whom were referred the first,
second, third, fourth and fifth accounts of the executor.
There is no report of the evidence, G. L. c. 215, § 18, nor any
report of the material facts found by the judge of probate.
G. L. c. 215, § 11.   All that appears is that the items are in
the account and were disallowed by the judge.   As we have
nothing before us to show the reason for the disallowance
of these items, we cannot review such a finding.   The judge
may not have given credence to the executor's explanation;

he may have found that no facts were shown from which it could be inferred that the executor should be allowed to charge the estate with the items of interest. On this record we cannot say the judge was wrong in disallowing the items of the account. *Hale* v. *Blanchard*, 242 Mass. 262. There is nothing in the auditor's report tending to show that the judge erred in disallowing the disputed items.

*Decree affirmed.*