Loring M. Monk *vs.* John Everett, trustee.

Norfolk.   May 13, 1931. — October 2, 1931.

Present: Crosby, Pierce, Carroll, Wait, & Field, JJ.

*Probate Court*, Decree.   *Trust*, Appointment of trustee.

A will, admitted to probate in 1898, in its second clause directed the executor and trustee to pay a certain sum to the testator's widow monthly while she was his widow, and by a third clause gave the rest and residue of the estate "to my trustee hereinafter named" to

be held in trust until the decease or remarriage of the widow, then to be divided equally among fifteen persons named; and a certain person was nominated and appointed in the will as executor and trustee, it being requested that he be exempt from furnishing sureties on his official bonds as such. He was appointed executor by the Probate Court. The widow filed a waiver of the provisions of the will in 1899 and in 1907 was assigned her dower. In 1917, one of the fifteen beneficiaries filed a petition alleging that the testator had given "certain estate . . . for the use and benefit of his widow" and that the person named as trustee had neglected to accept the trust, and praying that the petitioner be appointed "trustee as aforesaid." A decree making such appointment was entered which recited that the trustee named in the will had "declined said trust." The trustee thus appointed resigned in 1929 and his resignation was accepted. In the meantime, the person appointed executor had filed several accounts as such. No final account had been allowed. In 1930, he filed a petition for appointment as trustee for the benefit of the fifteen beneficiaries, and the petition was allowed without notice to parties interested. One of the fifteen, contending that the Probate Court had no jurisdiction to make such appointment without notice, petitioned for revocation of the decree. The petition was dismissed. The petitioner appealed. *Held,* that

(1) The proceedings relating to the appointment of a trustee in 1917 related merely to the trust for the benefit of the widow, who had waived the provisions of the will, and were immaterial;

(2) In the orderly course of administration, the person named as trustee in the will properly might delay to qualify as such until his accounts as executor were finally settled;

(3) No notice nor citation from the Probate Court was essential to the validity of the letters granted to the trustee named in the will or to the approval of his bond; his appointment was proper, and the petition to vacate it properly was dismissed.

PETITION, filed in the Probate Court for the county of Norfolk on December 16, 1930, for the vacation of a decree entered on February 18, 1930, appointing the respondent trustee under the will of Earl Gannett, late of Canton.

The petition was heard in the Probate Court by *McCoole,* J. Material facts are stated in the opinion. By order of the judge, a final decree was entered dismissing the petition "without prejudice to the right to file a petition for the removal of the trustee." The petitioner appealed.

*P. R. White,* for the petitioner.

*J. F. Neal,* for the respondent.

WAIT, J. This is an appeal from a decree of the Probate Court dismissing a petition to vacate a decree dated

February 18, 1930, which appointed John Everett as trustee under the will of Earl Gannett. It raises the question whether upon the facts disclosed notice to parties interested under the will was essential to the validity of the appointment. It is conceded that the appointment was made without prior notice to parties interested of the pendency of the petition for appointment. There is no report of the evidence given at the hearing. The material facts must be gathered from the report of material facts made by the presiding judge pursuant to G. L. c. 215, § 11; and from certain papers which this court on motion permitted to be brought before us to be referred to as if made part of the record from the Probate Court. These papers were the petition, citation and decree appointing John Everett as executor under the will of Earl Gannett; a waiver of the provisions of the will by the widow; the docket of the Probate Court in the matter of the estate of Earl Gannett from January 5, 1927; and the printed record transmitted to this court in the case of *Everett* v. *Monk*, reported in 261 Mass. 321. From these it appears that Earl Gannett died in 1898, leaving a will which was duly admitted to probate on October 19, 1898. The will, by its first clause, bequeathed $2,000 to a brother, Benjamin, to be paid as soon as might be after the testator's decease. By its second clause, it directed the executor and trustee named to pay to Mary J. Gannett $21 every calendar month for and during the time she remained the testator's widow, which she was to receive in full of all her rights in the testator's real and personal property including her widow's allowance. By its third clause it gave all the rest, residue and remainder of his estate "to my trustee hereinafter named" to be held in trust until the decease or remarriage of "said Mary J. Gannett," then to be divided equally among fifteen persons named. If any of the named donees died before the death of Mary J. Gannett, that person's share was to lapse unless he left issue, in which event the issue were to take. The testator nominated and appointed John Everett as executor and trustee, requesting that he be exempt from furnishing sureties on his official

bonds as executor and trustee. The executor was to have $500 and "all expenses for his services as such executor." Letters testamentary as executor duly issued to Everett, and his bond without surety was filed and approved. There was no personal property in the estate. Everett entered upon the administration. The widow waived the provisions of the will on March 15, 1899. In 1907 she was assigned her dower. Petitions for the removal of Everett failed. He filed several accounts, five of which were referred to an auditor in 1918. This auditor found that Everett's administration has been negligent; his accounts have been incorrect; and litigation has been frequent and prolonged. The estate is not yet settled. Everett made no application for letters as trustee, and filed no bond as such, until 1930. Whether the widow is still living or has remarried does not appear.

In April, 1917, one of the fifteen donees, Loring M. Monk, filed a petition alleging that Earl Gannett gave "certain estate in trust for the use and benefit of his widow, Mary J. Gannett, as set forth in said will and appointed John Everett trustee thereof; that said Everett has declined and neglected to accept said trust and that your petitioner is willing to accept said trust," and praying that he be appointed "trustee as aforesaid." It does not appear that Everett had notice of this petition, which was assented to by nine persons, some of whom were of the fifteen donees. On this petition the court made the appointment. The decree recited: "It appearing by said will that said testator gave certain estate therein described in trust for the use and benefit of Mary J. Gannett and that John Everett was named therein as trustee, and has declined said trust and no party objecting thereto." Nothing appears to show that Mary J. Gannett then had any interest in the property, although, years before, she had disclaimed any rights under the will and had been decreed her dower interest. Monk resigned the trust February 16, 1929, and his resignation was accepted by the court. At the moment of the appointment, accounts of Everett as executor were upon the files of the court undisposed of.

Monk filed his first account on July 5, 1928. No docket entry shows a disposition of it.

Everett's petition, dated February 3, 1930, set out the allowance of the will, the giving of estate in trust for the fifteen donees named, his appointment as trustee by the will and his willingness to accept the trust and to give bond. It prayed appointment and exemption from surety on the bond pursuant to the request of the will. The decree recited: "It appearing by said will that testator gave certain estate therein described in trust for the use and benefit of Benjamin Gannett and others, and that the petitioner was named therein as trustee, and that said testator in and by said will requested that said petitioner be exempt from giving a surety on his bond as such trustee." It appointed Everett "trustee as aforesaid." This petition was silent in regard to the provision for the widow.

In such a state of affairs the judge could find, as we think he did, that the record does not show a vacancy in the trust under the third clause of the will due to the declination, resignation or removal of Everett. The appointment of Monk based on the alleged declination and neglect of Everett, inexplicable as it is on the evidence which is before us, relates to the trust for the widow. It is immaterial here where the trust under the third clause of the will is in question — a trust in which the widow has no interest. There is nothing to show any declination of Everett to act under it. In the orderly course of administration, Everett might properly delay to qualify as trustee until his accounts as executor were finally settled. See *Kirwin* v. *Attorney General*, 275 Mass. 34, 40, 41. The law is settled that it is "the general rule that an executor who is also a trustee under a will cannot be considered as acting under the power given by the trust until he has settled his account as executor in the Probate Court." *Mooers* v. *Greene*, 274 Mass. 243, 252, and cases there cited, in especial *Crocker* v. *Dillon*, 133 Mass. 91, 98. Undoubtedly delay in giving bond as trustee may be so prolonged as to justify an inference of declination, G. L. c. 205, § 8; but delay, except in peculiar circumstances, cannot be

treated as occurring until the duty to file bond arises. *Daggett* v. *White,* 128 Mass. 398.

Unless the trust created by the will became vacant, the Probate Court had no authority to appoint a trustee. *Lowell, appellant,* 22 Pick. 215. *Newcomb* v. *Williams,* 9 Met. 525. *Shaw* v. *Paine,* 12 Allen, 293. *Howe* v. *Ray,* 110 Mass. 298. *Parker* v. *Sears,* 117 Mass. 513. *Coates* v. *Lunt,* 213 Mass. 401. Everett was appointed by the will to the trust it created, and was exempted, by request of the testator, from giving surety on any bond required. No notice or citation from a probate court was essential to the validity of the letters granted to him as trustee or to the approval of his bond (G. L. c. 205, § 5). *Parker* v. *Sears,* 117 Mass. 513. There was no proof of any vacancy in the trust to which the decree of February 18, 1930, related. The decree appointing Monk on the face of the papers related to a different trust, which, if ever existent, had long before ceased. It did not establish a vacancy in the trust to which his petition related. We need not consider its validity.

It well may be that Everett ought not to be continued in position as trustee. The judge left that question open; for the decree denying the petition to vacate was in terms made "without prejudice to the right [of the petitioner] to file a petition for the removal of" said Everett.

It follows that the judge of the Probate Court was right in refusing to grant the petition to vacate based on lack of jurisdiction because of failure to give notice of the application for appointment as trustee.

*Decree affirmed.*