JENNIE K. ROULSTON, guardian, *vs.* ROSALIND JANE ROULSTON & another.

Norfolk.    March 6, 1934. — March 8, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & LUMMUS, JJ.

*Guardian*, Investments, Accounts.  *Probate Court*, Findings by judge, Appeal, Costs.

Where, upon appeal from a decree of a probate court upon a petition for the allowance of an account of a guardian of a minor, disallowing as imprudent and improper investments certain securities shown in Schedule C and charging the petitioner accordingly, there was no report of the evidence and the material facts reported by the judge of probate did not show that such investments had been made in conformity to the rule governing fiduciaries with respect to investments, no error appeared in the conclusion of the judge and the decree was affirmed.

A portion of the decree above described ordering the petitioner to pay to an attorney a certain sum "for professional services and expenses" was within the authority of St. 1931, c. 120, § 1.

PETITION, filed in the Probate Court for the county of Norfolk, for allowance of the amended first, second, third and fourth accounts of the petitioner as guardian of minors, covering the period from February, 1929, to February, 1933.

A guardian *ad litem* for the minors was appointed.  The petition was heard by *McCoole*, J., by whose order there was entered a decree disallowing "the securities shown in

Schedule C in said accounts" as "improper investments," charging the petitioner in a certain sum, authorizing her "to transfer said securities to herself individually when said payment . . . is made," and ordering her to pay certain sums to certain attorneys "for professional services and expenses." Columbia Casualty Company, surety on the petitioner's bond, appealed.

The evidence was not reported. The judge made a report of material facts found by him, which was in substance as follows: The judge found that the petitioner was appointed in February, 1929; that thereafter she received a certain sum as the proceeds of policies of life insurance, which she immediately turned over to a broker for investment upon the assurance of the broker that the investment would be made in the "highest grade bonds," he knowing that she was acting as a guardian; that he did not submit to her a list of the bonds purchased by him until after their purchase in April, 1929; and that he told her that the bonds were "A grade." The judge then listed the property shown in Schedule C of the amended fourth account, which consisted entirely of bonds except a small sum in cash, and made certain findings with respect to each bond, from which it appeared that some were bonds of holding companies, some were and some were not listed on the exchange and some were and some were not "qualified" by the department of public utilities. The final finding was that the petitioner "was not prudent in allowing these investments to be made and that said investments were not proper fiduciary investments."

*H. E. Warren & C. W. Lavers*, for Columbia Casualty Company.

*E. T. Doherty*, for the respondents.

BY THE COURT. This is an appeal from a decree of the Probate Court whereby investments made by a guardian of property of her minor children were declared to be improper and were disallowed. In the report of material facts made by the presiding judge, after a description of the securities in which the trust fund was invested, occurs this: "I find that said guardian was not prudent in allowing these invest-

ments to be made and that said investments were not proper fiduciary investments." There is no report of the evidence.

The rule governing fiduciaries in the investment of trust estates was stated in *Harvard College* v. *Amory,* 9 Pick. 446, 461, in these words: "All·that can be required of a trustee to invest, is, that he shall conduct himself faithfully and exercise a sound discretion. He is to observe how men of prudence, discretion and intelligence manage their own affairs, not in regard to speculation, but in regard to the permanent disposition of their funds, considering the probable income, as well as the probable safety of the capital to be invested." There has been constant adherence to that rule. *Kimball* v. *Whitney,* 233 Mass. 321, 331. No facts set out in the report of the trial judge justify the investments as having been made in conformity to that rule. We have no knowledge concerning the securities in which this trust fund was invested except as disclosed by the report. There is no ground in the record for doubting the soundness of the conclusion of the trial judge.

The portion of the decree awarding certain payments for professional services was within the authority conferred by St. 1931, c. 120, § 1, which changed the preëxisting rule set forth in *Conley* v. *Fenelon,* 266 Mass. 340.

*Decree affirmed.*