SPRINGFIELD NATIONAL BANK OF SPRINGFIELD, executor, *vs.* NATALIE R. COUSE & others.

Hampden.    September 19, 1934. — October 27, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Executor and Administrator. Trust,* Executor acting as trustee. *Probate Court,* Appeal, Costs.

One named as executor of and trustee under a will duly qualified as executor, and, a few months later, as trustee. His first and final account as executor covered a period of more than two years from the time of his appointment as executor. One item of schedule B

showed the transfer to himself as trustee of certain securities purchased by him both before and after his appointment as trustee. Other items of that schedule showed losses resulting from the purchase and sale of securities. A petition for the allowance of the account was referred to an auditor, who found that the accountant had exercised with respect to such investments the degree of care which men of prudence exercise with respect to their own investments; that the income had been duly paid over to the person entitled thereto under the provisions of the will setting up the trust; that there had been no "authoritative and notorious act" by the accountant "sufficient to transfer the title of said securities from" himself as executor to himself as trustee; and that in the "handling of the funds of this estate" the accountant "has been acting as executor throughout." A decree was entered disallowing the investments listed in the first item on the ground that they had been made by the accountant as executor, and also disallowing the items showing losses. Upon appeal by the accountant, it was *held*, that

(1) The accountant having exercised with respect to such investments the care required of a trustee, he should not be charged with liability therefor merely because of the irregularity that he performed a trustee's duties previous to a technically sufficient transfer from himself as executor to himself as trustee; no wrongful conduct on his part and no harm to the beneficiary appeared;

(2) Upon the appeal, this court was at liberty to draw proper conclusions from the facts without regard to the conclusions drawn by the auditor and the judge of probate;

(3) The proper conclusion was that the accountant in fact had acted as trustee with respect to the investments;

(4) The decree must be corrected by allowing the items in question as originally presented in the account.

Where, upon appeal from a decree of a probate court upon an account, the record showed that motions for the allowance of costs and expenses had been filed in behalf of the appellant and the appellee previous to the date of the decree, but that no costs and expenses were awarded, and it did not otherwise appear from the record what action, if any, was taken with respect thereto, the matter of costs and expenses was not rightly before this court.

PETITION, filed in the Probate Court for the county of Hampden, for the allowance of the "second substituted first and final account" of the petitioner as executor of the will of Clara L. Kellogg, late of Westfield, which covered the period from December 5, 1930, to March 7, 1933.

The case was referred to an auditor. Material facts, and a decree entered by order of *Davenport*, J., are described in the opinion. The petitioner appealed.

In its brief before this court, the petitioner stated that the motions for the allowance of costs and expenses, men-

tioned in the opinion, "were not presented to the Probate Court for action," and requested an award of costs and expenses.

*J. H. Jones*, (*J. B. Nason* with him,) for the petitioner.

*C. F. Ely*, for the respondents.

CROSBY, J. This is an appeal by an executor from a decree of the Probate Court allowing a second substituted first and final account as corrected by the court. The record includes the report of an auditor whose findings of fact, by agreement of counsel, are final, and a report of material facts by the judge pursuant to G. L. (Ter. Ed.) c. 215, § 11.

It appears from the record that Clara L. Kellogg died testate November 30, 1930. On December 5, 1930, the Springfield Chapin National Bank & Trust Company, now the Springfield National Bank of Springfield, Massachusetts, duly qualified as executor thereunder, and qualified as trustee under the will through the approval of its bond as trustee on March 4, 1931. Paragraphs Eighth, Ninth, and Tenth of the will are as follows: "Eighth; All the rest, residue and remainder of my estate, both real and personal . . . I give and bequeathe to the Springfield National Bank of Springfield, Massachusetts, to have and to hold the same in trust, nevertheless, to manage and invest the same in good securities, and pay over the income thereof . . . to my daughter, NATALIE ROSAMOND LEFEVRE . . . for twenty-five years . . . . In the event of the decease of Natalie Rosamond Lefevre before the expiration of this trust, her children shall receive the income from the estate, share and share alike, and receive equal shares at the expiration of the trust. Ninth; I hereby empower my executor or trustee herein named at its discretion to sell and convey any and all real estate of which I may die seized and possessed . . .; and to execute . . . any instruments necessary for the proper management of the same. Tenth; I hereby nominate and appoint the Springfield National Bank of Springfield, Massachusetts, to be the executor and trustee of this my will."

All the interested parties objected to the account as filed by

the bank as executor on June 21, 1933.  There were six objections to the account, but two of them only were sustained by the probate decree.  Of the two objections sustained, number 4 related to an attorney's fee which is not a subject of this appeal.  *Blume* v. *Kimball,* 222 Mass. 412, 415.

There remains for consideration objection number 2, which relates to schedule B, item 96.  This item is as follows: "96. Distribution of principal by transfer to Springfield National Bank, Trustee under the eighth clause of the will of securities purchased by Accountant on dates and at costs respectively as follows:"  Then follows a list of the securities purchased from January 24, 1931, to October 22, 1931.  There is included therein the following entry: "Mar 5   First Mortgage of Natalie R. Couse, 4 Spruce Circle, Westfield, Mass.  8,500.00."  The total of item 96 is $47,826.01.  It further appears from the auditor's report that there were two purchases, sales and repurchases of securities (the latter purchases now being included in the list of securities in item 96 in the account presented) resulting in losses of $475 and $56.15 respectively, which losses appear in schedule B as items 49 and 48.  The final decree disallowed items 48 and 49 of schedule B, and disallowed item 96 of schedule B except the therein "First Mortgage of Natalie R. Couse, 4 Spruce Circle, Westfield, Mass.  8,500.00."  It was decreed that the item "Balance on hand $39,857.16" be inserted in schedule C.  This figure was arrived at by taking the cost price of the securities listed in item 96 of schedule B, deducting therefrom the Couse mortgage, and adding thereto the losses from sale of securities listed in items 48 and 49 of schedule B.

The auditor found as a fact that the "investments were made by said bank in the exercise of the utmost good faith."  He states: "If it be the law that said bank as executor had no right to make such investments I find that they were made through ignorance of the law and not otherwise.  I find that the securities selected by the bank in some instances were not chosen with the exercise of the highest degree of care.  I do not enumerate these instances because I do find specifically that said bank in selecting all

of said investments exercised at least that degree of care with which men of prudence, discretion and intelligence manage their own affairs, considering probable income as well as probable safety of principal." The auditor also found that "there has not been an authoritative and notorious act on the part of the said bank, nor any other act, sufficient to transfer the title of said securities from said bank as executor to said bank as trustee. Said bank in its handling of the funds of this estate has been acting as executor throughout." The auditor found that "although Natalie Rosamond Couse was from time to time paid the income from the foregoing investments and handed statements showing the sources of said income, said bank, in its fiduciary relation to her, did not make such disclosure of facts as to estop her now from making objection to said investments."

The judge of probate found "that the material facts in the matter are as found by the auditor in his report on pages 1 to 7 inclusive and on the first five lines on page 8." The findings in the auditor's report thus referred to relate generally to the bank's acting as executor, as quoted. This part of the auditor's report does not mention anything concerning the good faith of the bank. It is plain, therefore, that the investments scheduled in the disputed item 96 were disallowed because they were found by the auditor to have been made by the bank as executor. The question then is whether the bank is properly to be held accountable as executor upon the facts found for the total amount of $39,857.16 invested in securities.

If the same person is both executor and trustee of an estate it is sometimes difficult to determine whether in a particular case he is acting as executor or trustee. The change of property from the executor to himself as trustee may be shown by any authoritative and notorious act. *Newcomb* v. *Williams*, 9 Met. 525, 534. See also *Massachusetts Institute of Technology* v. *Attorney General*, 235 Mass. 288, 294. It has been held by this court that ordinarily no act will suffice for this purpose until the executor, who is also trustee, has settled his account in the Probate Court as

executor and the same has been allowed by the court, and he has been credited with the amount as executor with which he is afterwards to be charged as trustee. *Crocker* v. *Dillon,* 133 Mass. 91, 98. *Lannin* v. *Buckley,* 256 Mass. 78, 81. *Mooers* v. *Greene,* 274 Mass. 243, 252. *Brackett* v. *Fuller,* 279 Mass. 62.

Although the rule above stated has been applied in different circumstances, it never has been applied as a reason for imposing liability in such a case as the one at bar. Cases wherein it has been sought to invoke the rule as a basis of imposing liability on an executor exercising trust powers, prior to appointment as trustee, are not applicable to the present facts. In *Brigham* v. *Morgan,* 185 Mass. 27, the situation was similar to that here presented. There the executors were held liable but on the basis of the improper character of the investments made. In *Little* v. *Little,* 161 Mass. 188, the same persons were named by the will as executors and trustees. Portions of the real estate were out of repair and good management required large expenditures partly for permanent improvements and partly for repairs. The appellants contended that such expenditures ought not to be allowed because the appellees had not been appointed trustees by the court. Without objection from anyone, they qualified in the first instance as executors only, and proceeded in the management of the estate as a whole, without objection or protest, distributing the income from time to time among the beneficiaries. It was said at page 202: "Although it would have been more regular for them to have qualified as trustees, they were the persons to whom the property in their charge both real and personal was given by the will, and who had a right as trustees to make the expenditures. The objection urged is purely a technical one, and is fully answered by the fact that since they became trustees they have in that capacity adopted and ratified their acts as executors in the management of the real estate. Under the circumstances of this case, we are of opinion that the items of expenditures were properly included in their accounts as executors." The general rule was likewise held inapplicable in *First National Bank of Boston* v. *Truesdale Hospital, ante,*

35. What was said in the two cases last referred to is pertinent in the present case, and generally determinative of a result in favor of the executor. The objection there urged, as here, is a technical one. The record shows that the beneficiaries have received from the executor the care and diligence required of trustees in the selection of investments. *Roulston* v. *Roulston*, 285 Mass. 489. They have no sound ground for complaint in this particular. The appellant was executor and trustee under the will. Its appointment as trustee was by the will, *Monk* v. *Everett*, 277 Mass. 65, 70, and it was exempted from furnishing surety on its bond as such trustee. G. L. (Ter. Ed.) c. 205, § 6A. It qualified as trustee on March 4, 1931. The trust was established as of the date of the death of the testatrix subject to the payment of prior legacies, debts and costs of administration, and income was payable to the respondent Couse from the time of the death of the testatrix. G. L. (Ter. Ed.) c. 197, § 26. *Old Colony Trust Co.* v. *Smith*, 266 Mass. 500, 502. She has received the income. The investments from which this income was derived were presumably made in the exercise of trust powers. Under the will this appellant was the proper person to make investments as trustee. As the appellant is both executor and trustee and has exercised the proper care requisite in the performance of its duty, it would be contrary to reason, equity and justice to hold it responsible for action which could not be regarded as improper in fact simply because based upon the technicality of performing a trustee's duties in part before qualification as trustee, and in part afterwards, but in the absence of a showing by that authoritative and notorious act of a duly allowed account as executor that it had elected to take title as trustee. No such wrongful act here appears as requires the application of that rule. The record shows at most mere irregularity. This is not sufficient upon the undisputed facts to charge the appellant as executor which was in effect acting as trustee. In the circumstances of the case, it is to be presumed that the appellant, in doing an act which was irregular in its capacity of executor but which might properly have been done as trustee, acted in the latter capacity. *Matter of McDowell*, 178

App. Div. (N. Y.) 243.  The result which we have reached is not to be construed as encouraging any laxity in the performance of the important and technical duties incumbent upon executors or trustees.  A conclusion that the appellant was in fact exercising its trust powers is justified on the record. *Jones* v. *Atchison, Topeka & Santa Fé Railroad,* 150 Mass. 304, 307.  *Coates* v. *Lunt,* 213 Mass. 401, 404.  In the case last cited it was said by Sheldon, J., speaking for the court, that "The failure of Mrs. Carter and Mrs. Lunt to procure their formal appointment as trustees by the judge of the Probate Court and to give to him bonds as such trustees did not conclusively show that they had declined to act in that capacity, or that they were not in fact acting as trustees in the matters set out in the bill, under the provisions of Pub. Sts. c. 141, § 18, then in force."  This court in the case at bar is at liberty to draw such an inference without regard to the inferences drawn by the auditor or the trial judge. *Stuart* v. *Sargent,* 283 Mass. 536, 541.  It does not conflict with the finding of the auditor that the "bank in its handling of the funds of this estate has been acting as executor throughout."  That conclusion was obviously based upon a ruling that there had been no open and notorious act showing a transfer to itself as trustee.  A different ruling of law on the facts is now being applied.  The decree of the Probate Court should accordingly be corrected, and items 48, 49 and 96 of schedule B should be allowed as originally presented in the account.  G. L. (Ter. Ed.) c. 215, § 28.

The record includes motions for the allowance of costs and expenses, filed prior to the date of the final decree, in behalf of the appellant and the appellees.  G. L. (Ter. Ed.) c. 215, § 45.  It does not appear from the record what action, if any, was taken thereon, although no costs were awarded.  The matter of costs is not rightly before us.  See *Collis* v. *Walker,* 272 Mass. 46, 49; *Olney* v. *Sheppard,* 275 Mass. 496.

A decree is to be entered in the Probate Court as herein directed.

*Ordered accordingly.*