SARA D. MOSHER *vs.* HARRY G. MOSHER.

Bristol.    October 28, 1935. — January 2, 1936.

Present: RUGG, C.J., PIERCE, FIELD, LUMMUS, & QUA, JJ.

*Probate Court,* Jurisdiction, Separate maintenance. *Jurisdiction,* Nonresident defendant. *Trustee Process. Executor and Administrator,* Distribution.

On a petition for separate maintenance by a wife against her nonresident husband not personally served with process and not appearing generally, the Probate Court had no jurisdiction to make a decree *in personam* against the respondent for the payment of money.

In a proceeding against a nonresident, he and another as executors of a will under which he was a residuary legatee, having been summoned as his trustees under G. L. (Ter. Ed.) c. 246, § 21, and having answered no funds and on answers to interrogatories having disclosed that without settling their account they had paid to him his distributive share before service of process, could not be charged as trustees, and by force of G. L. (Ter. Ed.) c. 227, § 1, the proceeding should be dismissed for want of jurisdiction.

PETITION, filed in the Probate Court for the county of Bristol on April 22, 1933.

The case was heard by *Hitch,* J.

*E. O. Proctor*, for the petitioner.

*J. T. Kenney*, for the respondent.

LUMMUS, J. This is an appeal by a wife living in Massachusetts from a decree dismissing for want of jurisdiction her petition against her husband, a citizen and resident of Connecticut, for separate support, under G. L. (Ter. Ed.) c. 209, § 32. There was no personal service upon the respondent, and he did not appear generally. Therefore there can be no decree binding upon him personally. *Schmidt* v. *Schmidt*, 280 Mass. 216. There is no minor child of the marriage. The petition did not seek any determination of the status of the petitioner as one entitled to freedom from "restraint on . . . personal liberty," and consequently jurisdiction cannot be taken for that purpose. *Schmidt* v. *Schmidt*, 280 Mass. 216, 219. The prayer of the petition is for support. Jurisdiction to enter a decree *quasi in rem* cannot be based upon the general attachment of real estate of the respondent in the county of Bristol, for it appears that prior to that attachment he had conveyed by recorded deed all the real estate in that county owned by him. The petitioner contends, however, that jurisdiction *quasi in rem* exists because of an attachment by trustee process.

That attachment was made on June 17, 1933, upon a precept issued on June 2, 1933, under G. L. (Ter. Ed.) c. 209, § 33. See also c. 208, §§ 12–14. The alleged trustees named were Grace M. Coffin and the respondent himself, as executors of the will of Henry C. W. Mosher, late of New Bedford. No point is made, and perhaps none could be made successfully, of the fact that the respondent himself in his official capacity is summoned as one of the alleged trustees. *Brown* v. *Wiley*, 107 Ga. 85. *Sanders & Walker* v. *Herndon*, 122 Ky. 760. *Cassady* v. *Grimmelman*, 108 Iowa, 695. *Susquehanna Coal Co.* v. *Pratt & Young, Inc.* 251 Fed. Rep. 665. *Union National Bank* v. *Fagan*, 34 Weekly Notes (Penn.) 20. The case of *Belknap* v. *Gibbens*, 13 Met. 471, is not controlling. We assume, without deciding, that the decision in *Roberts* v. *Anheuser Busch Brewing Association*, 215 Mass. 341, construing what is now G. L. (Ter. Ed.) c. 227, § 1, does not apply. See G. L.

(Ter. Ed.) c. 223, § 84; *Luce* v. *Columbia River Packers Association*, 286 Mass. 343. Service was made upon Grace M. Coffin as executrix by leaving a copy at her last and usual place of abode, and upon the respondent as executor by delivery of a copy in hand to James H. Coffin, the agent of the respondent, appointed under G. L. (Ter. Ed.) c. 195, § 8, to receive service of legal process against the respondent as executor. The alleged trustees appeared as such, and answered that they held no funds of the respondent.

Answers to interrogatories disclosed that the personal property of the estate, after deducting debts, taxes and charges of administration, amounted to more than $165,000; that from that sum must be deducted the household goods, automobile and automobile equipment specifically bequeathed, and $4,100 in legacies; and that under the will the residue was to be divided equally between the respondent and a trust for the benefit of Grace M. Coffin, of which both executors were to be trustees. "Legacies, goods, effects or credits," due from or in the hands of executors or administrators, may be reached by trustee process in an action against a legatee or distributee (G. L. [Ter. Ed.] c. 246, § 21), even though the defendant is a residuary legatee, or a distributee in an intestate estate, and the value of his share remains uncertain. *Capen* v. *Duggan*, 136 Mass. 501, and cases cited. *Mechanics' Savings Bank* v. *Waite*, 150 Mass. 234, and cases cited. *Emery* v. *Bidwell*, 140 Mass. 271, 275. *Chase* v. *Thompson*, 153 Mass. 14, 16. *Beverstock* v. *Brown*, 157 Mass. 565. *Avery* v. *Monroe*, 172 Mass. 132. *Jewett* v. *Morrison*, 175 Mass. 161. *Cheshire National Bank* v. *Jaynes*, 225 Mass. 432.

Residuary estate existed in which the respondent was entitled to share, for the answers to interrogatories disclose that the residuary estate was fully divided between the respondent and the trust on March 17, 1933. That day was not only prior to the service of the trustee process, but was also before the trustees qualified as such and before the payment of the State and Federal succession or estate taxes. The division was made within two months after the appointment of the executors. The form and details of the division

do not appear. No account of the executors has ever been allowed, or even filed.

If the division was lawful and effective against the attachment made by the petitioner, no jurisdiction *quasi in rem* exists, for no property is held under process upon which a decree could operate. G. L. (Ter. Ed.) c. 227, § 1. *Cheshire National Bank* v. *Jaynes*, 224 Mass. 14. *Pond* v. *Simpson*, 251 Mass. 325, 328.

The time and circumstances of the division, as stated in the answers to interrogatories, might lead to doubts of its reality. But further interrogatories, which might have discovered the details, were not offered for filing, as they might have been. *Dunham Brothers Co.* v. *Gordon*, 289 Mass. 502, 505, and cases cited. We have no means of revising the finding of the Probate Court that the division was actually made on March 17, 1933.

The petitioner contends that the division was ineffective as matter of law, and invokes the rule that where the same person is executor and a legatee, title does not pass to him as legatee until the allowance of his account as executor. This rule was recently discussed, with a full citation of cases, in *First National Bank of Boston* v. *Truesdale Hospital*, 288 Mass. 35, and was considered also in *Springfield National Bank of Springfield* v. *Couse*, 288 Mass. 262, and *Bratt* v. *Cox*, 290 Mass. 553. We assume, without deciding, that this rule applies to a case where one of the executors is a legatee. *First National Bank of Boston* v. *Truesdale Hospital*, 288 Mass. 35, 43. The exact question in the present case is not whether title passed to the legatee, but whether the executors can be charged as trustees of the legatee. Although title may have remained in the executors, and in case of mistake or a deficiency of assets they might have been entitled to regain possession (*Stevens* v. *Goodell*, 3 Met. 34; *First National Bank of Boston* v. *Truesdale Hospital*, 288 Mass. 35, 42), yet as between the parties the division was not a nullity and the executors could not retake at will the share given to the respondent. *First National Bank of Boston* v. *Truesdale Hospital*, 288 Mass. 35. *Springfield National Bank of Springfield* v. *Couse*, 288 Mass. 262. The

executors can be made liable to the petitioner in trustee process only "to the same extent" as they "would have been liable to the defendant [respondent] if there had been no trustee process." G. L. (Ter. Ed.) c. 246, § 55. The executrix Grace M. Coffin, at least, would have found it impossible to cause the executors as such to "turn . . . out" the share of the respondent "to be disposed of on execution." *Avery* v. *Monroe*, 172 Mass. 132, 133. Neither would it be fair to subject both executors as such to scire facias or to the remedies provided by G. L. (Ter. Ed.) c. 246, § 56, after the share of the respondent had been turned over to him. The decree of the Probate Court, dismissing the petition for want of jurisdiction, was right.

*Decree affirmed.*