**JONES v. HASSETT, Collector of Internal Revenue.**

**No. 956.**

District Court, D. Massachusetts.

May 26, 1942.

Charles M. Rogerson and Roger W. Hardy, both of Boston, Mass., for plaintiff.

Lyle M. Turner, of Washington, D. C., and George F. Garrity, of Boston, Mass., for defendant.

WYZANSKI, District Judge.

The problem here presented is how a beneficiary for life under a testamentary trust should account for federal income tax purposes when she receives part of her income from the executors of the will and part from the testamentary trustees

The testator died domiciled in Massachusetts leaving a will naming the same persons executors and trustees. He left the residue of his estate to the trustees to pay out of the income an annuity of $12,000 to his widow and, subject to that and other charges, to hold the residue in specified shares for his issue. Article Twelfth of the will authorized the executors: " * * * to determine while the property is in their hands before transfer to my trustees what sums shall be payable to the beneficiaries under the residuary trust herein created prior to the settlement of my estate and transfer of the property to the trustees hereunder in order that said beneficiaries may receive income from the date of my death, and to make such payments from the income of my estate to said beneficiaries as they determine for that purpose, and all acts and decisions of theirs in respect to any of the foregoing matters shall be final and conclusive, including their determination of what amounts shall be so payable as income."

In 1936 the estate was still in process of administration; the executors had transferred to the trustees somewhat more than half the anticipated residue and had retained the balance. In that year the trustees' income was more than enough to pay the widow $12,000. But instead of the trustees paying the widow the whole $12,000, they paid her $2,000 and the executors paid her $10,000. On that basis she made to the United States her report of income and paid her tax for 1936. The Collector of Internal Revenue claimed that she should have made her report and paid her tax as though she had actually received the whole $12,000 from the trustees. He assessed and collected a deficiency and now the widow sues for a refund.

The widow's method and the Collector's method produce quite different results.

Under the widow's method she is not taxable on $4,504.68 of the $10,000 she received from the executors because $750 was from interest on Government bonds and $3,754.68 was from income on which the executors had already paid a tax and for which the parties assume (under the authority of Internal Revenue Regulations 94 Art. 162-1, see Elnora C. Haag v. Commissioner, 19 B.T.A. 982, 990) she could not be taxed a second time; and she is not taxable on $33.77 of the $2,000 she received from the trustees because that sum was income from tax-exempt securities. Under the Collector's method, the widow is not taxable on $173.24 which represents income from tax-exempt sources, but is taxable on $11,826.76.

In support of her method the widow says that under the will the executors were entitled to pay her exactly as they did and that she was entitled and indeed required, to make her report to the federal income tax authorities according to the payments actually received by her. The Collector answers that under the will the trustees should have paid $12,000 to the widow; the executors should never have paid her anything but should have paid any available income to the trustees; and the widow's tax return should have been on the basis of what should have been done, not what was actually done.

The will supports the widow's argument and refutes the Collector's. Article Twelfth did more than adopt the Massachusetts rule that (unless otherwise provided) a testamentary gift of income is payable from the date of the testator's death. Mass.G.L.Ter.Ed. c. 197 § 26; Springfield National Bank v. Couse, 288 Mass. 262, 268, 192 N.E. 529, 94 A.L.R. 1460; Proctor v. White, D.C.Mass., 28 F.Supp. 161, 165, 166. It authorized the executors during the period before they settled the estate and in their capacity as executors to make income payments directly to the widow. It is not necessary to consider whether even without this authority from the testator, the law of Massachusetts would have justified the executors qua executors in making the payment directly to the widow instead of through themselves as trustees. Cf. Springfield National Bank v. Couse, 288 Mass. 262, 268, 192 N.E. 529, 94 A.L.R. 1460; Mooers v. Greene, 274 Mass. 243, 174 N.E. 340; Proctor v. White, D.C.Mass., 28 F.Supp. 161, 165, 166. See Newhall, Settlement of Es-

tates, 3d Ed., p. 829. Freuler v. Helvering, 291 U.S. 35, 54 S.Ct. 308, 78 L.Ed. 634 is not relevant because there the original distribution to the beneficiaries was not, as it is here, in accordance with the will.

It follows that the widow was correct in making her income tax returns upon the basis of the sources from which she actually and lawfully derived her funds. After appropriate calculations made on the basis of the opinion in this and the companion case, 45 F.Supp. 195, there shall be entered

Judgment for plaintiff.